J-S34006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JUAN BAEZ | |
| Appellant | No. 199 EDA 2016 |

Appeal from the Judgment of Sentence November 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004678-2014

BEFORE:  BOWES, SOLANO, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 14, 2017**

Juan Baez appeals from the November 23, 2015 judgment of sentence of five to ten years imprisonment followed by ten years probation. The sentence was entered after Appellant tendered a negotiated guilty plea to rape of a child and unlawful contact with a minor. We affirm.

In this action, Appellant was arrested on April 1, 2014, and he subsequently was charged with involuntary deviate sexual intercourse, aggravated indecent assault of a child, unlawful contact with a minor, sexual assault, endangering the welfare of a child, corruption of a minor, indecent assault of a person less than thirteen years old, indecent exposure, rape of a child, and aggravated assault. The matter proceeded to a jury trial on April

---

* Retired Senior Judge specially assigned to the Superior Court.

27, 2015. The jury was chosen, opening arguments were made, and the victim, her mother, and a police officer testified.

On April 28, 2015, the court was about to proceed to a hearing on the admissibility of certain scientific evidence and had already conducted a colloquy on the expert witness offered by the Commonwealth. Appellant's counsel indicated that Appellant decided to accept a plea offer made by the Commonwealth. The terms of the plea deal involved a guilty plea by Appellant to rape of a child and unlawful contact with a minor, the remaining charges would be *nolle prossed*, and the Commonwealth would recommend a sentence of five to ten years imprisonment followed by ten years probation. The jury was recessed while Appellant executed a written colloquy with the aid of his lawyer and the plea court conducted a full oral colloquy.

The factual basis for the plea in question was as follows. K.I., the victim, had testified that between October 2013 and March 2014, when she was eleven years old, Appellant had, on multiple occasions, vaginally penetrated her with his penis and fingers. K.I. also said that Appellant placed his mouth on her vagina. K.I. disclosed the sexual abuse to her mother, who reported it to police. The record also establishes that, during the pertinent time frame, Appellant was forty-years old and a friend of K.I.'s mother. When the abuse occurred, K.I. was staying at Appellant's home on the weekends.

At one point in the colloquy, Appellant consulted with his lawyer off the record about his defenses. The elements of each crime were set forth on the record, including that rape of a child was "sexual intercourse with a child who is less than 13 years of age" and that sexual intercourse meant penetrating her vagina with his penis, even slightly. N.T. Guilty Plea, 4/28/15, at 14-15. After Appellant indicated that he had "[n]ot really" penetrated K.I.'s vagina with his penis, and had not had sexual intercourse with K.I., the plea court immediately ceased the colloquy and offered to continue with the trial. *Id*. at 15. Appellant responded, "No." *Id*. The court then explained that pleading guilty was the same as an adjudication of guilt by a jury. Appellant said that he understood that his plea would be treated as a guilty verdict on the two charges in question. *Id*. at 15, 16. Thereafter, Appellant tendered a guilty plea to rape of a child. *Id*. at 18 ("THE COURT CRIER: Juan Baez, . . . you're being charged with rape of a child, how do you plead? THE DEFENDANT: Guilty.").

At the conclusion of the guilty plea, Appellant was referred to the Sexual Offenders Assessment Board ("SOAB") for a Megan's Law assessment. Approximately three months later, on July 17, 2015, Appellant wrote a letter to his lawyer asking to withdraw his guilty plea and claiming that he was innocent and pled guilty solely because he was going to receive a sentence of sixty-five years if convicted. Counsel thereafter filed a written

pre-sentence motion to withdraw the guilty plea asserting that Appellant was entitled to withdraw the guilty plea because he was innocent of the charges.

Sentencing was scheduled for November 23, 2015. At the inception of the proceeding, the court heard argument on the question of withdrawal. The court first clarified that the plea in question was actually a negotiated guilty plea, stating "And we're here for sentencing, it's just a matter of imposing the sentence that was negotiated, five to ten, followed by ten years probation." N.T. Sentencing, 11/23/15, at 10. When asked why he wanted to withdraw the plea, Appellant said, "Because I'm not—I'm not guilty, I'm innocent." *Id*. at 14. The Commonwealth then indicated that Appellant was offered the same plea on June 24, 2014, and rejected it. Appellant denied hearing about the plea offer prior to trial. Speaking directly to the court, Appellant said, "That's the only time I found out [about the plea offer], the day you told me, 65 years. And if I don't plead guilty, I'll get 65 years." *Id*. at 15.

To refute this assertion that the guilty plea was accepted based upon the court's threat to impose sixty-five years upon conviction, the court corrected Appellant. It stated, "No, what I told you was that the maximum sentence for these charges was 140 years. So I don't know what you were listening to or where you got 65 from." *Id*. at 15-16. The guilty plea colloquy confirms that Appellant was told that he could be "sentenced **up to 140** years in prison" if he was convicted of all the charged offenses. N.T.

Guilty Plea, 4/28/15, at 7 (emphasis added). After discussions concerning whether withdrawal of the guilty plea would permit Appellant to engage in jury shopping, the court denied the motion.

The SOAB board had concluded that Appellant was not a sexually violent predator, and the court proceeded to impose the negotiated term of five to ten years in jail followed by ten years probation. This appeal followed. Appellant presents this question for our review:

1. Did the Lower Court err and/or abuse its discretion when it denied the Appellant's motion to withdraw his guilty plea prior to sentencing when the motion to withdraw a guilty plea prior to sentencing is to be liberally granted for any fair and just reason unless the prosecution has suffered substantial prejudice?

Appellant's brief at 5.

Our Supreme Court disseminated the case **_Commonwealth v._** **_Carrasquillo_**, 115 A.3d 1284 (Pa. 2015), on June 15, 2015, five months before the hearing on Appellant's pre-sentence motion to withdraw. That decision clarified the parameters of when a pre-sentence motion to withdraw is to be granted based upon an assertion of innocence. Therein, our Supreme Court re-affirmed that the trial court is imbued with the discretion to deny a defendant permission to withdraw a guilty plea, whether that request is tendered before or after sentencing, and we, as an appellate court, can reverse its decision only when that discretion is abused. Pa.R.Crim.P. 591(A) (emphasis added) ("At any time before the imposition

of sentence, the court may, **in its discretion**, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty."). While a pre-sentence motion to withdraw is to be liberally allowed,

> there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Carrasquillo*, *supra* at 1291–92 (footnote omitted).[1]

The *Carrasquillo* Court, breaking with prior precedent, held that a bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea. Instead, "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Id*. at 1292. Our High Court outlined that the correct inquiry "on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration,

---

[1] The pre-sentence standard starkly contrasts with the one applicable to a defendant's post-sentence motion to withdraw. "Post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that **manifest injustice** would result if the court were to deny his post-sentence motion to withdraw a guilty plea." *Commonwealth v. Islas*, 156 A.3d 1185, 1188 (Pa.Super. 2017) (citation omitted; emphasis in original)

under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id*. In that decision, our Supreme Court ruled that the defendant had not offered a plausible innocence claim given that it was rather bizarre--a "devil made me to it" claim of innocence--and since the innocence claim was offered just prior to sentencing. *See also Commonwealth v. Hvizda*, 116 A.3d 1103 (Pa. 2015) (companion case to *Carrasquillo*).

In this case, the plea court concluded that Appellant's assertion of innocence was not plausible since he failed to offer "any additional testimony establishing the basis of a 'fair and just reason' justifying the withdrawal of his guilty plea." Trial Court Opinion, 9/2/16, at 9. We concur with this assessment. Relying extensively upon pre-*Carrasquillo* case law, Appellant first maintains that his bald assertion of innocence was sufficient to mandate withdrawal. He attempts to distinguish *Carrasquillo* on the ground that the assertion of innocence therein was not leveled until sentencing and that it was unusual in nature.

Appellant overlooks our Supreme Court's companion case in *Hvizda*, where the defendant's claimed innocence was straightforward, but refuted by the Commonwealth's proof. In *Hvizda*, the defendant entered a guilty plea to first degree murder in connection with the stabbing death of his estranged spouse. Prior to imposition of his sentence, he asked to withdraw the plea claiming that he was innocent. The trial court conducted a hearing

on the request to withdraw, where the defendant again asserted that he was innocent but failed to proffer any support for that claim. On the other hand, the Commonwealth produced recorded telephone conversations that the defendant made from jail; in the tapes, the defendant admitted that he killed his wife and indicated that he wanted to go to trial to tell his side of the story.

The trial court denied the motion to withdraw finding that, given the Commonwealth's tapes, the assertion of innocence was pretextual and designed to manipulate the judicial system. In an unpublished memorandum, we reversed based upon **Commonwealth v. Katonka**, 33 A.3d 44, 49 (Pa.Super. 2011) (*en banc*), wherein the *en banc* court held that "credibility assessments relative to a defendant's claim of innocence were impermissible." **Id**. Our High Court reversed the panel's holding in **Hvizda**, noting that, under its companion decision in **Carrasquillo**, a bald assertion of innocence is no longer sufficient grounds to permit withdrawal of a guilty plea. The **Hvizda** Court upheld the trial court's refusal to permit the defendant to withdraw his guilty plea because his innocence assertion was implausible as it was unsupported and rebutted by the Commonwealth's proof.

In the present case, at the hearing on his pre-sentence motion to withdraw, Appellant offered a bald claim that he was innocent that was unaccompanied by assertions that he had defenses to the charges. The

guilty plea colloquy refuted his secondary position that he pled guilty because the trial court told him that it would impose a sentence of sixty-five years in jail if the jury convicted him. On the other hand, the record establishes that the victim testified that Appellant penetrated her vagina with his penis and fingers and that he placed his mouth on her vagina. Indeed, the present case stands in stark contrast to our recent decision in *Commonwealth v. Islas*, 156 A.3d 1185 (Pa.Super. 2017), where we concluded that the trial court had abused its discretion in denying the defendant's pre-sentence motion to withdraw his guilty plea. The defendant in *Islas* was charged with three counts of indecent assault on a camper who attended a camp where he was a counselor, and he pled guilty to one count. One month after pleading guilty and immediately after procuring a new lawyer, the defendant moved to withdraw his plea.

Not only had the trial court in *Islas* employed the incorrect standard in assessing the defendant's motion by utilizing the more-stringent rules applicable to post-sentence motions to withdraw, *see* footnote 2, *supra*, the defendant therein had offered significant support for his position that he was actually innocent of the charged sexual contact with the victim. We observed:

> At the hearing on his motion to withdraw, Islas testified that: he did not engage in the charged conduct; he had maintained his innocence when interviewed by law enforcement; had the conduct occurred as alleged, it would have been witnessed by other campers and counselors in the cabin at the time; the

> victim had a motive to fabricate the charges; the victim had delayed in reporting the first incident; and Islas was of good character, had no criminal record, and had never received a similar complaint in the many years he had been working in the field.

*Id*. at 1191. As those assertions constituted valid defenses against the charges leveled by the victim, we reversed the trial court's denial of Islas' pre-sentence motion to withdraw his guilty plea.

In this case, Appellant simply insisted that he was innocent, and incorrectly represented that the plea was coerced by trial-court threats to impose a sixty-five year jail term. The fact remains that Appellant faced 140 years in jail, his negotiated sentence was ninety percent less, and his desire to avoid a more lengthy prison term is not grounds for withdrawing the plea. ***Commonwealth v. Dosch***, 501 A.2d 667, 670 (Pa. 1985) ("a plea is not rendered involuntary merely because it is prompted by a belief that it will enable a defendant to obtain a more lenient sentence"); ***see also Commonwealth v. Blango***, 150 A.3d 45 (Pa.Super. 2016) (upholding trial court's conclusion that the defendant had not leveled a plausible claim of innocence given Commonwealth's evidence, and where withdrawal request was leveled after the defendant observed sentencing memorandum prepared by the Commonwealth in which it requested lengthy sentence). Under the circumstances, we cannot find that the trial court abused its discretion in characterizing Appellant's innocence claim as falling short of the mark under ***Carrasquillo***.

- 10 -

On appeal, Appellant does not contend that he proffered defenses in support of his pre-sentence withdrawal such that his innocence claim should be considered plausible. Instead, in his brief, he relies upon certain events occurring at the guilty plea colloquy. Specifically, Appellant outlines the portion of the colloquy where he denied that he penetrated K.I.'s vagina with his penis. As noted, *supra*, after Appellant articulated that denial, the trial court immediately ceased the proceeding. It offered Appellant the opportunity to continue with the trial, but Appellant declined that offer. At that point, the trial readily could have resumed since the witness on the admissibility of scientific evidence was present, and the jury had been recessed but remained empaneled. The guilty plea court then articulated that a guilty plea was the same as a guilty verdict, and Appellant entered a guilty plea to rape of a child. Furthermore, Appellant never balked at the representations that he digitally penetrated K.I. and that he placed his mouth on her vagina.

Until this appeal, Appellant never asserted that this momentary denial of penile penetration at the guilty plea colloquy constituted a plausible pre-sentence claim of innocence. It was not raised in Appellant's letter to counsel, in the motion to withdraw the guilty plea, in the memorandum in support of that motion, or at the hearing on the pre-sentence motion to withdraw. This basis for withdrawal was never presented to the trial court; it is thus waived for purposes of this appeal. ***Commonwealth v. Wanner***,

2017 WL 11526092017 *2 (Pa.Super. filed March 28, 2017) (defendant waived position that there was an affirmative defense to crime "by failing to rise it before the trial") (citing Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")). "This requirement bars an appellant from raising a new and different theory of relief for the first time on appeal." *Id*. (citation and quotation marks omitted). Since Appellant never asserted before the plea court that his denial of penile penetration at the plea colloquy was a plausible claim of innocence requiring grant of his pre-sentence motion to withdraw the guilty plea, it may not be advanced now as grounds for reversal of the decision in question.

The plea court also concluded that Appellant's guilty plea could not be withdrawn because the Commonwealth would suffer substantial prejudice from withdrawal. The Commonwealth had already picked a jury and presented three of its witnesses, including the child victim. In addition, a scientific witness had been colloquied and was present to offer additional testimony. We conclude that the court's ruling in this respect is legally sound.

In **Commonwealth v. Cole**, 564 A.2d 203 (Pa.Super. 1989), the Commonwealth brought a key witness from Georgia to testify against the defendant. The defendant entered a guilty plea, the witness returned to Georgia, and before sentence was imposed, the defendant sought to retract

his plea. We affirmed the trial court's denial of that request. We concluded that if the defendant were allowed to rescind the plea, it would have permitted the defendant to use his motion for the "improper purpose of gambling on the Commonwealth's ability to produce the witness for a second trial." *Id.* at 206. We observed that "[t]his is the type of prejudice to the Commonwealth against which the rule was intended to protect." *Id*.

Similarly, in **Commonwealth v. Ross**, 447 A.2d 943 (Pa. 1982), in a *per curiam* opinion, our Supreme Court upheld a trial court's refusal of the defendant's pre-sentence request to withdraw his guilty plea. The court ruled that the "request to withdraw the plea, which had been made after the dismissal of numerous key Commonwealth witnesses in reliance on the plea, was properly denied[.]" *Id*.; **see also Commonwealth v. Prendes**, 97 A.3d 337, 353 (Pa. Super. 2014) (substantial prejudice exists if a defendant obtains "a full preview of the Commonwealth's evidence before deciding" to seek withdrawal and could engage in jury shopping if he decides the selected jury seems unfavorable inclined towards him).[2]

_____

[2] In **Commonwealth v. Prendes**, 97 A.3d 337 (Pa.Super. 2014), we opined that the standards applicable to post-sentence motions to withdraw a guilty plea, *see* footnote 2, *supra*, should be applied when a negotiated guilty plea has been entered. We stated therein:

> If the appellant knows the only possible sentence he can get for the crime to which he pled guilty, then any pre-sentence motion to withdraw the plea is akin to a post-sentence motion to

*(Footnote Continued Next Page)*

In this case, three witnesses had already testified. The guilty plea colloquy indicates that the Commonwealth also had another witness present who was going to offer testimony on scientific evidence when Appellant elected to tender a guilty plea. Hence, we cannot conclude that the trial

(Footnote Continued) ————————

> withdraw the plea, and the "manifest injustice" standard will apply to the pre-sentence motion. *Commonwealth v. Lesko*, 502 Pa. 511, 517, 467 A.2d 307, 310 (1983).

*Id*. at 352.

In *Lesko*, our Supreme Court ruled that it was proper to utilize the manifest injustice standard in assessing whether a pre-sentence motion to withdraw should be granted when the plea agreement includes a negotiated sentence. *Lesko*, however, was overruled in *Commonwealth v. Hvizda*, 116 A.3d 1103, 1106 (2015), wherein our High Court announced: "we disapprove *Lesko's* idiosyncratic approach to presentence withdrawal." Since *Prendes* relied upon *Lesko* for the stated proposition and since *Lesko* was subsequently overruled by *Hvizda*, we cannot utilize the manifest injustice standard in assessing the validity of Appellant's guilty plea. This Court has previously reached the same conclusion in two unpublished memoranda. *See Commonwealth v. Wright,* 2016 WL 7079767 (Pa.Super. 2016); *Commonwealth v. Cross*, 2015 WL 6114603, (Pa.Super. 2015).

Additionally, in *Commonwealth v. Islas*, 156 A.3d 1185 (Pa.Super. 2017), we observed that the *Prendes* Court indicated that a bald assertion of innocence constituted a fair and just reason to permit pre-sentence withdrawal of a guilty plea. This precept was, of course, abrogated by *Carrasquillo* and *Hvizda* after *Prendes* was decided

Nevertheless, the *Prendes* ruling remains undisturbed on the question of whether the Commonwealth is prejudiced when a defendant seeks to withdraw a guilty plea after the Commonwealth has presented its case.

court abused its discretion in finding that the Commonwealth would be substantially prejudiced if Appellant were permitted to enter his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2017