J-S16021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ALLEN WYLIE | : | |
| | : | No. 1708 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence April 14, 2016
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000433-2014

BEFORE: BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 02, 2018**

William Allen Wylie (Appellant) appeals from the judgment of sentence imposed by the trial court after he pled guilty to possessing a controlled substance (methamphetamine), possessing drug paraphernalia, driving under the influence of a controlled substance (methamphetamine), person not to possess a firearm, and possessing a firearm with an altered manufacturer's number.[1] We affirm.

The trial court explained:

Pursuant to a plea agreement, the Commonwealth moved [Appellant] into the State Intermediate Punishment Program for which he would have to be evaluated by the Department of

---

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(16), (32); 75 Pa.C.S.A. § 3802(d)(1); 18 Pa.C.S.A. §§ 6105(a)(1) and 6110.2(a).

Corrections, and that [Appellant] would report to the Bradford County Correctional Facility on January 4, 2016, to be transported for that evaluation. The remaining charges would be dismissed at sentencing pursuant to the plea agreement. By Order dated November 3, 2015, [Appellant] was to report to the Bradford County Correctional Facility on January 4, 2016, so that he could then be transported to SCI Camp Hill for evaluation to determine suitability for the State Intermediate Punishment Program. A thorough written plea colloquy was completed by Appellant and counsel, see Plea Colloquy filed November 6, 2015, and a verbal plea colloquy was completed wherein Appellant admitted to committing the offenses and was advised of the maximum penalties for the offenses.

During the verbal plea colloquy, Appellant admitted as follows with his counsel stating the facts:

> Atty. Kolcharno: My client was at the traffic light, he was sleeping at the wheel, at the time the vehicle was running. Uh, at that time, the officers did further investigation and based on that investigation, your Honor, it was determined that my client was impaired. He did have in his system a certain quantity of methamphetamine at that time and did have on his person, possession of control, a quantity of methamphetamine, all totaling approximately seven (7) grams, and the corresponding drug paraphernalia. Further, officers patted him down and did find a handgun, your Honor. Due to his prior felony conviction in 1988, he was precluded from having that in his possession or control and also the officer has, the officer did indicate at that time, observation of the firearm did appear to be obliterated, scratched off, altered in some way, shape or form, your Honor.
>
> [Commonwealth]: Would you require your client to acknowledge that your synopsis of what the officer said, what you said, was true?
>
> Attorney Kolcharno: Based on what I have just indicated to you, is that true?
>
> [Appellant]: Yeah, yeah.
>
> The Court: Yes?

[Appellant]:                    Yeah.

Trial Court Opinion, 11/27/17, at 2-3 (citations omitted).

At the plea hearing, the Commonwealth stated that Appellant, "for personal reasons, [is] requesting a delay until January fourth, to begin the incarceration and evaluation period." N.T., 11/3/15, at 2. The trial court, after accepting Appellant's plea, stated, "[Appellant] is directed to report to the Bradford County Correctional Facility on January 4, 201[6] . . . at nine a.m. Thereafter, [Appellant] shall be transported to [the] State Correctional Facility at Camp Hill for a[n] SIP evaluation. The Court Administrator will schedule sentencing upon notice of the acceptance or non-acceptance into the SIP program." *Id.* at 11. Appellant was released on bail. Less than two months later, and before January 4, 2016, when Appellant was to report to the Bradford County Correctional Facility:

> The Commonwealth filed a Petition to Revoke Bail on December 30, 2015, alleging Appellant had violated bail conditions by being arrested by Federal authorities for illegal possession/conspiracy to deliver controlled substances. An arrest warrant was then issued. Appellant did not report to the Bradford County Correctional Facility on January 4, 2016 pursuant to the plea agreement and as directed by Order of Court. Therefore, sentencing was scheduled for March 10, 2016, which was continued upon motion of counsel to April 14, 2016.

> [Appellant] filed a Motion to Withdraw Guilty Plea on April 12, 2016, claiming: that he entered the plea on the expectation and promise that he would be sentenced to State Intermediate Punishment if the evaluation deemed him a candidate; that he had been indicted in the US District Court for drug related offenses and that evaluation of these matters, the plea in the instant case would "severely prejudice [Appellant's] constitutional rights as he would

- 3 -

face an extremely harsher sentence in the United States District Court"; and finally making a bare assertion of being innocent. See Motion to Withdraw Guilty Plea filed April 12, 2016. A hearing was held prior to sentencing on April 14, 2016 and the Motion to Withdraw Guilty Plea was denied. Appellant was sentenced on April 14, 2016, to [an] aggregate sentence of a minimum of 72 months to a maximum of 150 months. No appeal was filed.

Thereafter, Appellant filed a timely PCRA Petition alleging that he requested his then counsel to file an appeal which was not done. The Commonwealth and new counsel for Appellant agreed that the appellate rights should be reinstated and an Order was entered reinstating same.

Appellant has now appealed and filed a Statement of Matters Complained of on Appeal pursuant to Pa.R.App.Proc. Rule 1925(b) setting out the single issue that his motion to withdraw his guilty pleas should have been granted.

Trial Court Opinion, 11/27/17, at 4-5.

Appellant presents this Court with the following Statement of Question Involved:

Should [A]ppellant be allowed to withdraw his guilty plea in a case where he maintained his innocence of the firearm charges, where his lawyer argued he had a defense to those charges, and where [A]ppellant had previously stated on the record that he never "opened the gun," "found it in the car," and handed the gun to a police officer?

Appellant's Brief at 5.

Preliminary, we note that nowhere in his argument does Appellant reference, cite or otherwise discuss his assertion that he "previously stated on the record that he never 'opened the gun,' 'found it in the car,' and handed the gun to a police officer." *Id.* We further note that Appellant's testimony in this regard occurred at the April 14, 2016 hearing prior to sentencing, but

after the trial court had denied Appellant's motion to withdraw guilty plea. N.T., 4/14/16, at 11.

Rather, citing the Supreme Court's decision in **Commonwealth v. Carrasquillo**, Appellant argues that the trial court erred in denying his request to withdraw his guilty plea because he "established a colorable demonstration under the circumstances that allowing the plea to be withdrawn would not substantially prejudice the Commonwealth, and would promote fairness and justice." Appellant's Brief at 10, citing **Carrasquillo**, 115 A.3d 1284 (Pa. 2015). Appellant specifically asserts that "[a]s set forth in the sentencing proceeding," his counsel expressed concern about Appellant "entering a plea to something that he felt that he was not guilty of, but yet at the same token there was a benefit of possibly finally getting his life together. . ." **Id.** at 10-11, citing N.T., 4/14/16, at 4. Appellant also states that his counsel "further informed the court that he was not indicating he was not guilty of all five offenses, but rather he was guilty of the misdemeanor offenses but that he had a defense to the firearm related offenses and was not guilty of those." **Id.** at 11, citing N.T, 11/3/15, at 4.[2]

This Court recently addressed our Supreme Court's decision in **Carrasquillo**:

---

[2] Appellant erroneously attributes this second quote to counsel at page 4 of the *guilty plea hearing* on November 3, 2015. Both of the quotes cited by Appellant are contained in the notes of testimony from the *sentencing hearing* on April 14, 2016.

That decision clarified the parameters of when a pre-sentence motion to withdraw is to be granted based upon an assertion of innocence. Therein, our Supreme Court re-affirmed that the trial court is imbued with the discretion to deny a defendant permission to withdraw a guilty plea, whether that request is tendered before or after sentencing, and we, as an appellate court, can reverse its decision only when that discretion is abused. Pa.R.Crim.P. 591(A) (emphasis added) ("At any time before the imposition of sentence, the court may, **in its discretion**, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.").

***Commonwealth v. Baez***, 169 A.3d 35, 38–39 (Pa. Super. 2017). We recognized that while a pre-sentence motion to withdraw is to be liberally allowed, there is no absolute right to withdraw a guilty plea, and trial courts have discretion to determine whether a withdrawal request will be granted. ***Id.*** at 39. The trial court's discretion is to be administered "liberally in favor of the accused, and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." ***Id.*** citing ***Carrasquillo***, at 1291–92. However:

The ***Carrasquillo*** Court, breaking with prior precedent, held that a bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea. Instead, a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. Our High Court outlined that the correct inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

***Baez***, 169 A.3d at 39 (citations and quotation marks omitted).

Notably, at the guilty plea hearing, Appellant's counsel[3] stated that Appellant would plead guilty to persons not to possess a firearm and possession of a firearm with an altered number. N.T., 11/3/15, at 2. Counsel additionally presented Appellant's written plea colloquy to the court. *Id.* Appellant testified that he reviewed, understood, and signed the written plea colloquy, and that all of his responses were "true and correct." *Id.* at 3. This exchange followed:

> BY THE COURT: You're planning to plead guilty to firearms not to be carried without a license and that's defined as follows . . . Do you understand that as it's defined?
>
> A: Yes, your Honor.
>
> [Commonwealth]: No, the felony three wasn't one of the ones he's pleading to.
>
> [Appellant's Counsel]: Your Honor, that would be Count number ten (10),-
>
> THE COURT: Okay.
>
> [Appellant's Counsel]: - it's a felony of the second degree,-
>
> THE COURT: Okay.
>
> [Appellant's Counsel]: - on the information.
>
> THE COURT: My apologies. So let me define that for you then.
>
> [Commonwealth: Count ten, - the previous felony was a burglary.

---

[3] The same attorney, Corey Kolcharno, Esquire, represented Appellant at both the plea and sentencing hearings.

THE COURT: Okay. So this is the definition. Person not to possess, use, manufacture, control or sell or transfer firearm. [reads definition] . . . Do you understand that as it's defined?

[Appellant]: Yeah.

N.T., 11/3/15, at 4-5.

Appellant's counsel then stated:

Officers patted [Appellant] down and did find a handgun, your Honor. Due to his prior felony conviction in 1988, he was precluded from having that in his possession or control and also the officer has, the officer did indicate at that time, observation of the firearm did appear to be obliterated, scratched off, altered in some way, shape or form, your Honor. I believe I've provided an accurate synopsis of the facts in question.

*Id.* at 7-8.

Five months later at sentencing, Appellant's counsel conceded that Appellant "entered a plea to two felony firearm related offenses and then three other offenses, they're misdemeanor related." N.T., 4/14/16, at 2. He acknowledged, "During that time he was directed by this Court to be evaluated . . . Your Honor was gracious enough to allow him out on his own, I guess, recognizance or at liberty during the holiday season and to report January 4th. . . . On or about December 21, 2015, Your Honor, it came to my attention that he was indicted in the Federal Court in the Middle District of Scranton for a drug-related offense there." *Id.* at 3. The docket shows that Appellant filed his motion to withdraw guilty plea on April 12, 2016, two days prior to sentencing.

Appellant references his counsel's statements at sentencing to support his argument. In context and as a whole, the statements of counsel in support of Appellant's motion to withdraw guilty plea read:

I think SIP was [Appellant's] last resort and we had thoughtfully weighed this back and forth. And there was part of him that was concerned about entering a plea to something that he felt that he was not guilty of, but yet on the same token there was a benefit of possibly finally getting his life together, straightening his life out, and getting clean; and the SIP program, as this court is well aware, is one avenue to do that and sometime the best avenue because it does have that component of structure and incarceration.

In addition to that, your Honor, I've spoken to his Federal Public Defender, I know that with regard to these charges in particular, I know [] the felonies in particular and the sentence that accompanies those will astronomically prejudice him in the Federal Courts, that's just a small component.

And finally, your Honor, as I first indicated, [Appellant] will tell you and I will tell you on his behalf that he and I have to sort of amend my averment here that he's not indicating he is not guilty of all five offenses, he would agree that the Misdemeanor offenses he is guilty of, okay. However, when it came to the firearm related offenses, your Honor, that that – he does have a defense for those and that he feels that he is not guilty of those. So I would ask the Court to do it – at the very least allow those two charges to be withdrawn at this time, your Honor, and I know by way of procedure I would have to ask the Court to, if your Honor's going to consider allowing the – or granting my relief, allowing the entire plea to be withdrawn as opposed to doing it sort of in a bifurcated way.

So based on those three (3) reasons, your Honor, I'm trying to be as candid as possible and I'm – I'm in a very precarious situation because I will – I'm genuinely trying to help this man with an addiction and I know he will readily admit that he got arrested and put himself in that position and yet he's looking at right now on the felonies alone potentially 10 to 20 years, and also on top of that a federal sentence which could be probably double that. He could be doing the equivalent of what would be a third degree murder sentence.

- 9 -

So with that being said, your Honor, I think the prejudice is there, the case I cited to is the key case in Pennsylvania, ***Carrasquillo***, I know there's one line in there that I believe that's pertinent that the court's – that the trial courts are to, you know, they have a lot of discretion, your Honor has a lot of discretion in evaluating these motions; but also the Court did indicate there that they should be liberally, you know, liberally grant in favor of the defendant.

N.T., 4/14/16, at 4-5.

Thereafter, the trial court stated that it had reviewed ***Carrasquillo*** and noted the timeframe of Appellant's November 3, 2015 plea, his subsequent arrest and bail revocation in December of 2015, and the motion to withdraw guilty plea served on the court on April 11, 2016. The court stated that the "timing of it in and of itself is not really a credible assertion of innocence." ***Id.*** at 9. The trial court continued:

Not being eligible for the SIP Program is not a reason to withdraw a guilty plea because th[ere] wasn't an agreement for that, that was just a recommendation.

The other charges pending and how it's going to affect those other charges is not a reason – a fair and just reason for withdrawing a guilty plea. It certainly is a – is just a – mere attempt at trying to manipulate the justice system, the criminal justice system and trying to get the best deal and best sentencing . . .

So, with – with . . . the timing of it . . I don't find the assertion of innocence credible at all. There hasn't really been any articulate – articulation as to – as to what type of defense [to the firearms charges] there would be. It wasn't in writing and it wasn't asserted today.

***Id.***

- 10 -

In sum, the trial court found that Appellant's assertion of innocence was not credible because he was facing a harsher sentence in federal court "as a result of his plea and conviction in this case," which "appears to be Appellant's ultimate motive for wishing to withdraw his plea." Trial Court Opinion, 11/21/17, at 7. The record supports the trial court's determination that Appellant offered no "colorable demonstration under the circumstances" or a "plausible innocence claim" to support the granting of his motion to withdraw his plea. Accordingly, we discern no abuse of discretion by the trial court.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/2018