J-S31034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD LOVE | : | |
| | : | |
| Appellant | : | No. 556 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 15, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004334-2018

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED OCTOBER 4, 2022**

Appellant Edward Love appeals from the Judgment of Sentence entered

in the Court of Common Pleas of Philadelphia County on May 15, 2019,[1]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court docket reveals that on May 20, 2019, a counseled "Motion For Reconsideration Of Sentence" was filed on Appellant's behalf. On May 24, 2019, Appellant's new counsel filed a "Motion To Withdraw Plea Of Guilty." On August 14, 2019, an "Order Denying Motion To Withdraw Guilty Plea" was filed. On February 27, 2020, a PCRA petition was filed. On March 4, 2021, an "Order Granting Reinstatement Of Appellate Rights Nunc Pro Tunc" was filed. On March 8, 2021, counsel for Appellant filed the instant notice of appeal stating the appeal was from the order entered "on the **14 of August, 2019**" (emphasis added). Counsel for Appellant erroneously appealed from the August 14, 2019 order denying the post-sentence motion. ***See Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (en banc) (citation omitted), *appeal denied*, 800 A.2d 932 (Pa. 2002) ("In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions."). The Appeal Docket has been corrected to reflect that the appeal lies from the judgment of sentence imposed on May 15, 2019.

following his open guilty plea.[2]  On appeal, Appellant asserts he has offered a "fair and just" reason for withdrawing his guilty plea and that the Commonwealth will not be prejudiced were he permitted to do so.   Following our review, we affirm.

The trial court set forth the relevant facts and procedural history herein as follows:

### 1.    CASE HISTORY

On December 26, 2018, [Appellant] entered into a non-negotiated open plea to the charges of Aggravated Assault F2, Criminal Attempt-Criminal tres F2, Criminal mischief S, Poss Instrument of Crime M1, Simple Assault M2, and Recklessly Endangering Another Person M2.

On May 15, 2019, [A]ppellant was sentenced to 18-36 months['] confinement on the Aggravated Assault F2 and the Poss Instrument of Crime M1.   The remaining charges were nolle prossed.

A motion to withdraw guilty plea was filed on May 24, 2019 and subsequently denied on August 14, 2019.  Appellant then filed a PCRA on February 27, 2020.  The PCRA petition was granted for the purpose of reinstating appeal rights on March 4, 2021.  A notice of appeal was filed on March 8, 2021.

### 2.    FACTUAL HISTORY

On May 7th, 2018, the complainant arrived home around the 1900 block of Kinsey St. in Philadelphia.  She saw [A]ppellant urinating on the sidewalk by her house.  She told him to stop and

---

[2] Under an open guilty plea, the defendant does not enter into an agreement with the Commonwealth, and there is no *quid pro quo* exchange between the defendant and the Commonwealth whereby the Commonwealth agrees to some action in exchange for the defendant's guilty plea. Pa.R.Crim.P. 590(B).

at that time an argument ensued. Complainant then stepped out of her house to tell him to go away. Appellant approached the complainant and punched her in her mouth.

Trial Court Opinion, filed 12/23/21, at 1-2.

On May 31, 2021, Appellant filed a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On December 23, 2021, the trial court filed its Rule 1925(a) Opinion.

In his brief, Appellant presents a single issue for this Court's review:

Whether Appellant's motion to withdraw his plea of guilty offers a fair and just reason for rescinding Appellant's plea and withdrawal can be accomplished without substantial prejudice to the Commonwealth?

Brief for Appellant at 7.

Appellant argues the trial court has the discretion to permit a criminal defendant to withdraw his or her guilty plea for any fair and just reason and that his assertion of innocence constitutes such a reason. Brief for Appellant at 12, 13. Appellant further contends he had been provided with a "false understanding" of the terms of his plea agreement and told counsel he was "uncomfortable" taking the plea. He also stresses the steps he has made to address his anger management issues and his family's need for his assistance support his position that he should be permitted to withdraw his guilty plea. *Id*. at 14. Appellant claims he informed trial counsel of his desire to withdraw his plea right after he was sentenced and posits that the Commonwealth will

not incur substantial prejudice were he permitted to rescind his plea. *Id*. at 14-15.

A defendant's burden of proof for withdrawing a guilty plea "differs depending on whether the defendant seeks to withdraw the plea before or after sentencing." **Commonwealth v. Hart**, 174 A.3d 660, 664 (Pa.Super. 2017). Herein, there is no dispute Appellant sought to withdraw his guilty plea after his sentence had been imposed. In **Commonwealth v. Broaden**, 980 A.2d 124 (Pa.Super. 2009), this Court summarized the principles governing post-sentence motions to withdraw pleas as follows:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Id.* at 129 (citations omitted). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." **Commonwealth v. Hart**, 174 A.3d 660, 664 (Pa.Super. 2017).

Instantly, the trial court found Appellant did not disagree with the facts that were read to him during the colloquy portion of his guilty plea hearing. Trial Court Opinion, 12/23/21, at 3 (unnumbered). The court also stated Appellant completed a written guilty plea colloquy which it reviewed with him

on in detail. At that time, the trial court informed Appellant he was presumed innocent, had an absolute right to a trial, and did not have to plead guilty. The trial court also explained the maximum sentence Appellant could face. Appellant neither expressed any concerns regarding his rights with the trial court nor asked for additional time to consult with his counsel. Instead, Appellant affirmatively stated he understood his rights and wished to enter a guilty plea. *Id*. at 4-5. The trial court noted that Appellant expressed dissatisfaction with his guilty plea only after he was sentenced, "not because he ever actually felt discomfort in pleading before this [c]ourt." *Id*. at 5. Following our review of the record, we agree.

In setting forth his arguments, Appellant erroneously relies upon the standard of review for a presentence motion to withdraw a guilty plea, although he did not file his motion to withdraw his plea until after he had been sentenced and his post sentence motion had been denied.[3]

_____

[3] Besides relying upon the incorrect standard, Appellant erroneously applies it when relying upon **Commonwealth v. Carrasquillo**, 78 A.3d 1120, 1126 (Pa.Super. 2003) for the proposition that that "no 'rational' support is required by the law to accompany the assertion of innocence." Brief for Appellant at 13. To the contrary, the Pennsylvania Supreme Court has held that controlling jurisprudence on pre-sentence assertions of innocence requires an appellant to demonstrate a fair and just reason for withdrawing his plea. **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1292 (Pa. 2015).

As to what constitutes such a qualifying reason, this Court has observed:
The **Carrasquillo** Court, breaking with prior precedent, held that a bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea. Instead, "a defendant's innocence claim must be at least plausible to

*(Footnote Continued Next Page)*

In **Commonwealth v. Broaden**, 980 A.2d 124 (Pa.Super. 2009), this Court described the less stringent standard and noted that "prior to the imposition of sentence, a defendant should be permitted to withdraw his plea for any fair and just reason, provided there is no substantial prejudice to the Commonwealth." **Broaden**, 980 A.2d at 128 (citation and quotation marks omitted).

Appellant's signed, written guilty plea colloquy and his verbal representations to the trial court at the guilty plea hearing that he understood the terms thereof belie his bald claims of innocence and discomfort he now asserts. N.T., 12/26/18, at 5. After the prosecutor recited the facts that

---

demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." **Carrasquillo**, 115 A.3d at 1292. Our High Court outlined that the correct inquiry "on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." **Id**. In that decision, our Supreme Court ruled that the defendant had not offered a plausible innocence claim given that it was rather bizarre—a "devil made me to it" claim of innocence—and since the innocence claim was offered just prior to sentencing. **Id**. **See also Commonwealth v. Hvizda**, [116 A.3d 1103 (Pa. 2015)] (companion case to **Carrasquillo**).

**Commonwealth v. Baez**, 169 A.3d 35, 39 (Pa.Super. 2017)

As shall be discussed more fully *infra*, Appellant's statements made during not only the written and oral plea colloquies but also at the sentencing hearing admitted the accusations against him. Therefore, without a plausible claim of innocence, a fair and just reason for withdrawing Appellant's plea was lacking even if he had sought to withdraw his plea pre-sentence. **See Carrasquillo**, 115 A.3d at 1292.

- 6 -

formed the basis of all the charges against Appellant, the trial court asked Appellant if there were "anything [he] wished to disagree with," to which Appellant replied "No." *Id*. at 6-7.

Appellant again admitted his guilt to the trial court at the sentencing hearing when he said, prior to his sentence being imposed:

> I'd first like to apologize to the victim and her family. . . . I wish that I could have taken that incident back, because it just totally got out of hand. . . . It was just an incident-not to minimize it-that got out of hand and I'm working towards it never happening again by obtaining anger management that I signed myself up for. . . . I know that I am not perfect, and I also know that I made mistakes, but people do change. . . .

N.T. 5/15/19, at 30-31.

> Furthermore, as the Commonwealth stresses in its brief:

> [Appellant] plead guilty in December of 2018 and was not sentenced until May of 2019. At no point in the intervening months did he declare his innocence or ask to withdraw his guilty plea. Even after sentencing, [Appellant] filed a post-sentence motion to reconsider the sentence which explicitly admitted his guilt: "the defendant demonstrated responsibility for his actions by entering a guilty plea" and that he is "taking steps to address any anger management issues by taking classes" ([Appellant's] Post-sentence Motion 9/20/19, 2).

Brief for the Commonwealth as Appellee at 6.

Moreover, to the extent Appellant states he misunderstood the implications of pleading guilty due to trial counsel's representations and that trial counsel had been unprepared to call character witnesses on his behalf, such arguments sound in ineffective assistance of counsel, which must be raised on collateral review. *See Commonwealth v. Holmes*, 79 A.3d 562,

576 (Pa. 2013) (reaffirming the holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain limited exceptions, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546)).

In light of all of the foregoing, the totality of the circumstances supports the conclusion that Appellant knowingly, voluntarily, and intelligently entered into the guilty plea. Thus, he cannot show he suffered prejudice on the order of manifest injustice required for the withdrawal of a plea after he was sentenced. Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2022