J-S10028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
RICKY LEIGH JOHNSON :
:
Appellant : No. 830 MDA 2024

Appeal from the Judgment of Sentence Entered April 25, 2024
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000655-2022

BEFORE: BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.: **FILED: SEPTEMBER 10, 2025**

Appellant, Ricky Leigh Johnson (Appellant), appeals from the judgment of sentence entered on April 25, 2024, in the Criminal Division of the Court of Common Pleas of Bradford County, as made final by the denial of his post-sentence motion. We affirm.

On three occasions in December 2021, a confidential informant purchased methamphetamine from Appellant, who sold drugs from his Bradford County residence. Thereafter, on August 15, 2022, Detective David Hart charged Appellant with three counts of possession with intent to deliver (PWID) methamphetamine, three counts of simple possession of a controlled substance, and three counts of possession of drug paraphernalia.[1] **See** Criminal Complaint, 8/15/22.

---

[1] 35 P.S. §§ 780-113 (a)(30), (a)(16), and (a)(32).

Prior to trial, Appellant pled guilty to one count of PWID – methamphetamine on March 11, 2024. On March 25, 2024, Appellant filed a *pro se* petition to revoke his guilty plea prior to the imposition of his sentence.[2] On March 26, 2024, defense counsel moved to withdraw from representation, stating that he received a letter of termination from Appellant.[3]

To impose sentence and to resolve other outstanding matters, including counsel's motion to withdraw and Appellant's request to withdraw his guilty plea, the trial court convened a proceeding on April 25, 2024. Initially, at the conclusion of an inquiry pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), the trial court found that Appellant knowingly, voluntarily, and intelligently waived his right to counsel. Accordingly, the court discharged counsel from the case. Next, the court turned to Appellant's request to withdraw his guilty plea. Appellant testified in support of the request and, thereafter, the trial court denied relief, finding that Appellant failed to offer a fair and just reason to withdraw his plea. Lastly, the trial court ordered Appellant to serve a minimum of 23 months and a maximum of 240 months in prison. Appellant subsequently filed a post-sentence motion, with the assistance of the public defender, and the trial court denied relief without a hearing. This counseled appeal followed.

---

[2] Appellant filed a second request to withdraw his guilty plea on April 22, 2024.

[3] On March 27, 2024, Appellant filed a *pro se* motion to terminate counsel.

Appellant raises the following issues on appeal:

Did the [trial c]ourt error in denying [A]ppellant's motion to withdraw his guilty plea?

Was the sentence imposed on Appellant excessive in light of Appellant's circumstances, particularly with regards to Appellant's treatment and rehabilitative needs?

Appellant's Brief at 3.

Pennsylvania law allows a guilty plea to be withdrawn "at any time before the imposition of sentence." Pa.R.Crim.P. 591(A). The right to withdraw a guilty plea is not absolute, however. "Trial courts have discretion in determining whether a [pre-sentence] withdrawal request will be granted [and] any demonstration by a defendant of a fair and just reason will suffice to support [withdrawal], unless withdrawal would work substantial prejudice to the Commonwealth." *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-1292 (Pa. 2015); *see also Commonwealth v. Baez*, 169 A.3d 35, 39 (Pa. Super. 2017). A fair and just reason to withdraw a guilty plea requires "some colorable demonstration . . . that permitting withdrawal of the plea would promote fairness and justice." *Carrasquillo*, 115 A.3d at 1292; *Commonwealth v. Islas*, 156, A.3d 1185, 1192 (Pa. Super. 2017). A fair and just reason to withdraw a plea must further the interests of justice; a bare assertion of innocence will not justify an order directing the withdrawal of a guilty plea. *See Carrasquillo*, 115 A.3d at 1292.

In his petition, and in his testimony to support the withdrawal of his plea, Appellant claimed that his attorney pressured him to enter a guilty plea,

that he was actually innocent of the charges against him, and that he understood the plea agreement to include a sentence at the bottom of the standard range of the sentencing guidelines, eligibility for the State Drug Treatment Program (SDTP), and an agreement with the Commonwealth not to seek a recidivist enhancement. *See* Appellant's Brief at 10 and 14. On appeal, Appellant maintains that these grounds demonstrated a fair and just reason to withdraw his plea. *See id*. at 14. We agree with the trial court that Appellant is not entitled to relief.

Appellant argued that his attorney pressured him into entering a plea by advising him that he would spend the rest of his life in jail if he did not accept the Commonwealth's offer. The trial court characterized defense counsel's comments as an accurate assessment of the facts, not a threat. More specifically, the court observed:

> Appellant had been charged with three counts of PWID - methamphetamine, three counts of simple possession, and three counts of possession of drug paraphernalia. *See* Criminal Information, 11/22/22. PWID is an ungraded felony punishable by a maximum of 10 years' incarceration. 35 P.S. § 780-113(f)(1.1). [Appellant had a prior conviction for PWID and as] a second or subsequent conviction [the offense] is punishable by a maximum of 20 years of incarceration. 35 P.S. § 780-115. The standard range of the sentencing guidelines for PWID with Appellant's prior record score of 5 is 21-27 months' incarceration. *See* [Trial Court Opinion, 9/9/24, at attached Sentencing Guideline Form]. If Appellant was convicted of all three of the charged PWIDs, his minimum sentence could have been 63 months to 81 months (minimum sentence of 5 years 3 months to 6 years 9 months) and his maximum sentence could have been up to 720 months (60 years). Appellant was 55 years of age at the time he entered his plea. As such, he very well could have spent the rest of his life in jail.

- 4 -

Trial Court Opinion, 9/9/24, at 4.

The trial court's assessment is supported by the facts and is free of legal error. Because of Appellant's age, a conviction at trial posed a risk of lifetime incarceration. The trial court did not abuse its discretion in rejecting counsel's observation as a fair and just reason for vacating Appellant's guilty plea.

Next, Appellant points to his "actual innocence" as support for the withdrawal of his guilty plea. At his plea hearing, however, Appellant admitted that he "sold some meth to a C.I." in December 2021. N.T. Plea Hearing, 3/11/24, at 3. Pennsylvania law is clear that, "[a] defendant is bound by the statements he makes during his plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when he pled." **Commonwealth v. Merritt**, 2025 WL 1882813, at *3 (Pa. Super. July 8, 2025) (non-precedential decision).[4] Appellant's assertion of innocence is bellied by his admissions at the plea hearing; hence, his assertion does not support the withdrawal of his guilty plea.

Lastly, Appellant claims that his plea agreement was contrary to his understanding in three ways. First, Appellant claims that, pursuant to his plea agreement, he was to be sentenced in the lower half of the standard range of

---

[4] **Merritt** may be cited for its persuasive value. **See** Pa.R.A.P. 126(b) (providing that unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

the sentencing guidelines. *See* Appellant's Brief at 10 and 14. Appellant, however, overlooks that the Commonwealth, at his plea hearing, agreed to a sentence in the bottom half of the standard guidelines range. *See* N.T. Plea Hearing, 3/11/24, at 1. Moreover, a written plea colloquy that Appellant reviewed and completed with his attorney memorialized the understanding that Appellant should receive a sentence in the bottom half of the standard range of the sentencing guidelines. *See* Guilty Plea Colloquy, 3/12/24. Appellant, in fact, received a minimum sentence of 23 months' incarceration, which was at the lower end of the standard range of the sentencing guidelines. *See* Trial Court Opinion, 9/9/24, at 4 and attached Sentencing Guideline Form. Appellant received a sentence in accordance with his plea agreement; hence, this claim merits no relief.

Appellant next claims that, under the terms of the plea agreement, he understood that he would be eligible for the SDTP and that his sentence would not include a recidivist enhancement. The trial court rejected these contentions, finding that these terms were contrary to the plea agreement placed on the record, to which Appellant had agreed. *See* Trial Court Opinion, 9/9/24, at 3. More specifically, the trial court stated:

> Appellant's arguments are contrary to the facts set forth at the plea hearing. Apparently, Appellant was offered a plea agreement which he did not accept at the time of a pretrial conference. N.T. Sentencing, 4/25/24, at 9. Then, on the day of jury selection, the plea offer changed as stated, argued and presented by the Assistant District Attorney, which is not uncommon. N.T. Sentencing, 4/25/24, at 9-11. Appellant argued that he wanted to be eligible for SDTP. However, that was not mentioned at the

- 6 -

time of the plea nor was it mentioned in the written plea colloquy. Appellant argued that there was to be no "enhancement," however, this was not mentioned at the time of the plea nor was it mentioned in the written plea colloquy. The court can only assume that the "enhancement" Appellant referred to is the provision set forth in 35 P.S. § 780-115, providing that "any person convicted of a second or subsequent offense [of PWID] … may be imprisoned for a term of up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both." 35 P.S. § 780-115. As such, Appellant was informed of the maximum penalty of 20 years of incarceration at the time of sentencing for a second or subsequent PWID offense. N.T. Plea Hearing, 3/11/24, at 4. Appellant stated he understood he could receive the maximum sentence. N.T. Plea Hearing, 3/11/24, at 4.

In light of all of the above, Appellant entered a knowing, intelligent and voluntary plea. His arguments to withdraw said plea are without merit in that there is not "colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *See Baez*, 169 A.3d at 39.

*See* Trial Court Opinion, 9/9/24, at 3-4.

In conclusion, we agree with the trial court that Appellant has not demonstrated that the withdrawal of his guilty plea would promote fairness and justice. Therefore, we affirm the trial court's decision to deny Appellant's motion to withdraw his guilty plea.

Appellant's second issue on appeal asks whether the trial court abused its discretion by imposing too harsh a sentence given Appellant's need for rehabilitative care. We conclude that Appellant is not entitled to relief.

Appellant's second issue involves a challenge to the discretionary aspects of his sentence. Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

- 7 -

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hoch*, 936 A.2d 515, 517–518 (Pa. Super. 2007) (citation omitted).

In relevant part, Pennsylvania's Sentencing Code offers the following guidance to the courts tasked with responsibility for imposing criminal punishments.

**(b) General standards.--**In [imposing a sentence], the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with [42 Pa.C.S.A. § 9725 (relating to total confinement)] and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation). In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences a person following revocation of probation or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

The right to appellate review of the discretionary aspects of a sentence is not absolute and should be considered a petition for permission to appeal. *See Hoch*, 936 A.2d at 518. An appellant must satisfy a four-part test to

- 8 -

invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted).

Here, Appellant filed a timely notice of appeal[5] and preserved his issues in a post-sentence motion. Appellant also included a Pa.R.A.P. 2119(f) statement in his brief. Therefore, we must determine whether Appellant has raised a substantial question.

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

---

[5] While Appellant's timely, counsel post-sentence motion was pending, Appellant, on May 30, 2024, filed a second counseled motion seeking to correct the calculation of his credit for time served. We shall treat Appellant's second post-sentence motion as a supplemental post-sentence motion filed pursuant to Pa.R.Crim.P. 720(B)(1)(b). Moreover, while the May 30, 2024 motion remained outstanding when Appellant filed the instant notice of appeal, we shall treat the notice of appeal as having been filed after the order disposing of the May 30, 2024 post-sentence motion and on the day thereof. *See* Pa.R.A.P. 905(a)(5).

*Commonwealth v. Mastromarino*, 2 A.3d 581, 585–586 (Pa. Super. 2010) (citation omitted).

In his Rule 2119(f) statement, Appellant asserts that "the sentencing court abused its discretion when it imposed an excessive sentence and failed to adequately consider his rehabilitative needs. This was a violation of 42 Pa.C.S.A. § 9721(b), which provides that the sentencing court shall impose a sentence that is consistent with the rehabilitative needs of the defendant." Appellant's Brief at 16. This Court has held that "an excessive sentence claim - in conjunction with an assertion that the court failed to consider mitigating factors - raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014). Because Appellant has raised a substantial question regarding the discretionary aspects of his sentence, we turn to the merits of Appellant's claim.

> Section 9781(c) [of the Sentencing Code] specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and, (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S.A. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The . . . weighing of factors under 42 Pa.C.S.A. § 9721(b) [is] exclusively for the sentencing court, and an appellate court [may] not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the

> sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S.A. § 9781(c).

*Commonwealth v. Bowen*, 975 A.2d 1120, 1123-1124 (Pa. Super. 2009) (citations and punctuation marks omitted).

Appellant's sentence was within the standard range of the sentencing guidelines and was consistent with the terms of Appellant's plea agreement. Moreover, Appellant offers no analysis in his brief which explains how or why his sentence is excessive. Rather, Appellant's submission simply sets forth his bald and undeveloped assertions that his sentence is excessive and that the trial court failed to consider his rehabilitative needs. *See* Appellant's Brief at 15-17. In fact, Appellant neither identifies nor describes his rehabilitative needs within his brief. In short, Appellant fails to tailor his argument to the applicable legal standard in an effort to assist this Court in understanding how his guidelines range sentence was clearly unreasonable.

Although Appellant claims that the trial court failed to consider his rehabilitative needs under Section 9721(b), we note that the trial court had the benefit of a pre-sentence report. Our Supreme Court has determined that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Devers*, 546 A.2d 12, 18–19 (Pa. 1988). With reference to *Devers*, we have previously explained:

- 11 -

In imposing [a] sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus, properly considering and weighing all relevant factors.

*Commonwealth v. Fowler*, 893 A.2d 758, 766–767 (Pa. Super. 2006) (citations omitted).

In this case, the trial court reviewed the presentence investigation report on the record at sentencing. *See* N.T. Sentencing, 4/25/24, at 18. In addition, the court confirmed it was aware of the guidelines and reviewed all relevant considerations and sentencing factors. *See* Trial Court Opinion, 9/9/24, at 6. In these circumstances, we shall presume that the trial court considered Appellant's rehabilitative needs and, because Appellant has not explained how any alleged omission led to the imposition of a clearly unreasonable sentence, we find no reason to alter or permit further consideration of the punishment imposed. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/10/2025