J-S67007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :             PENNSYLVANIA
                                           :
               v.                           :
                                           :
ANGELO QUINCELL BROWN         :
                                           :
           Appellant            :    No. 1133 EDA 2017

Appeal from the Judgment of Sentence January 30, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0004601-2016

BEFORE:   OTT, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                           **FILED APRIL 03, 2019**

Angelo Quincell Brown appeals from the judgment of sentence imposed on January 30, 2017, in the Court of Common Pleas of Delaware County, following his negotiated guilty plea to one count each of robbery, conspiracy, and possession of a controlled substance.[1]  In accordance with the terms of the plea, Brown received an aggregate sentence of 4–23 months' incarceration, with immediate release to electronic home monitoring.

On February 8, 2017, Brown filed a timely post-sentence motion to withdraw his guilty plea.  The trial court denied the motion on February 27,

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701 and 903, respectively, and 35 P.S. § 780-113.

2017. The instant appeal followed.[2] On appeal, Brown claims that the trial court erred as a matter of law in denying his motion for leave to withdraw his guilty plea. Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Our standard of review for the denial of a post-sentence motion to withdraw a guilty plea is well settled. "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation and internal quotation marks omitted). "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted). Further, when a defendant has entered a guilty plea, we presume that he was aware of what he was doing; it is his burden to prove that the plea was involuntary. **Commonwealth v. McCauley**, 797 A.2d 920, 922 (Pa. Super. 2001). Accordingly, where the record clearly shows the court conducted a guilty plea colloquy and that the

_____

[2] Brown filed a timely concise statement of errors complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure 1925(b) on March 29, 2017.

defendant understood the nature of the charges against him, the plea is voluntary. *Id.* In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. *Id.* At a minimum, the trial court must inquire into the following six areas:

   (1)   Does the defendant understand the nature of the charges to which he is pleading guilty?

   (2)   Is there a factual basis for the plea?

   (3)   Does the defendant understand that he has a right to trial by jury?

   (4)   Does the defendant understand that he is presumed innocent until he is found guilty?

   (5)   Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

   (6)   Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted). This examination may be conducted by defense counsel or the attorney for the Commonwealth, as permitted by the Court. *See* Pa.R.Crim.P. 590, Comment. Additionally, the examination may consist of both a "written colloquy that is read, completed, signed by the defendant, and made part of the record," and an on-the-record oral examination. *Id.*

Here, Brown claims that, during the oral plea colloquy, neither the trial court nor defense counsel made him aware that, "he was innocent until proven guilty nor that the [j]udge [was] not bound by the terms of any plea agreement tendered unless the judge accepts such agreement." Brown's

Brief, at unnumbered page 9. However, Brown has waived this claim because he neither raised it in his motion to withdraw his guilty plea nor in his Rule 1925(b) statement.

We have long held that, "issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal." **Commonwealth v. Santiago**, 980 A.2d 659, 666 (Pa. Super. 2009) (citations omitted), *appeal denied*, 991 A.2d 312 (Pa. 2010), *cert. denied*, 562 U.S. 866 (2010); **see also Commonwealth v. Baez**, 169 A.3d 35, 41 (Pa. Super. 2017) (finding waiver where appellant raised issues not raised in his motion to withdraw guilty plea on appeal); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Moreover, as amended in 2007, Pennsylvania Rule of Appellate Procedure 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Heggins**, 809 A.2d 908, 911 (Pa. Super. 2011), *appeal denied*, 827 a2d 430 (Pa. 2003) ("[A Rule 1925(b)] [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no [c]oncise [s]tatement at all."); **Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998), *superseded*

*by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d

428, 431 (Pa. Super. 2009).

Here, the issues in Brown's motion for leave to withdraw his guilty plea,

those raised in his Rule 1925(b) statement, and those argued in his appellate

brief differ significantly. His motion for leave to withdraw his guilty plea

presents the following issues:

    a. His plea was not knowingly, voluntarily, and intelligently made;

    b. He did not have the full benefit of competent legal counsel;

    c. He now asserts his legal innocence;

    d. He was unduly pressured by his less than competent legal counsel to enter into the negotiated [g]uilty [p]lea; and

    e. He was pressured/forced into entering a negotiated [g]uilty [p]lea by the [trial c]ourt.

Motion for Leave to Withdraw Guilty Plea Post Sentence, 2/08/2017, at

unnumbered page 2. His Rule 1925(b) statement presents the following

claims:

    1. That [Brown] was not fully explained his the (sic) rights that he has and is giving up prior to entering into a negotiated guilty plea via the [g]uilty [p]lea [s]tatement.

    2. That [Brown] was not made fully aware of the effects that a [felony] would have on him outside of his case and if he would have known same, he would not have entered into the negotiated guilty plea.

Rule 1925(b) Statement, 3/29/2017, at unnumbered page 1.

It was not possible for the trial court to discern from Brown's vague

motion and Rule 1925(b) statement that he was raising the very specific claim

raised in his appeal. We note that the trial court did not address Brown's current claim in its Rule 1925(a) opinion, presumably because it was unable to discern it from Brown's pleadings. Accordingly, we find that Brown has waived his claim for purposes of our review. *See Baez*, *supra*; *Heggins*, *supra*.

Moreover, even if we were to address Brown's claim on the merits, it would fail. In his brief, Brown admits that, while the trial court and/or defense counsel did not state that he was innocent until proven guilty and that the judge was not bound by the terms of the plea agreement[3] during his oral guilty plea colloquy, both issues were discussed in the written guilty plea colloquy which Brown signed. *See* Brown's Brief, at 10. In his underdeveloped argument, Brown provides no legal support for his contention that a defendant must be informed of each of the six areas both in writing and verbally in order for his guilty plea colloquy to be adequate. *See id.* at 10-11. Neither the language of Rule 590 nor the Comment thereto require that the oral colloquy be a verbal repetition of all of the information contained in the written plea colloquy as maintained by Brown. *See* Pa.R.Crim.P. 590, Comment.

In light of the foregoing, Brown is not entitled to relief.

Judgment of sentence affirmed.

---

[3] We note that the trial court did sentence Brown in accordance with the terms of his plea agreement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/3/19