J-S13020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEEN SMITH PHILLIPS | : | |
| | : | |
| Appellant | : | No. 1011 WDA 2018 |

Appeal from the Judgment of Sentence Entered April 12, 2018
In the Court of Common Pleas of Crawford County
Criminal Division at No(s):  CP-20-CR-0000213-2016

BEFORE:   BENDER, P.J.E., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                    **FILED MAY 28, 2019**

Leen Smith Phillips appeals from the judgment of sentence imposed on April 12, 2018, in the Court of Common Pleas of Crawford County, following his negotiated plea of *nolo contendere* to a single count of Aggravated Indecent Assault and multiple counts of Indecent Assault of a Person Less Than 13 Years Old, Indecent Assault of a Person Less Than 16 Years Old, and Involuntary Deviate Sexual Intercourse with a Child.[1]  Phillips was sentenced to an aggregate term of 10½ to 30 years of incarceration.  In this timely appeal, Phillips claims the trial court erred in failing to allow him to withdraw his *nolo contendere* plea prior to sentencing.  He also claims the trial court abused its discretion in imposing the agreed upon sentence.  After a thorough

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3125(a)(8), 3216(a)(7) and (8), and 3123(a)(7), respectively.

review of the submissions by the parties, the certified record and relevant law,

we affirm.

For the procedural history and a brief factual background, we quote from

the trial court's Memorandum and Order, dated 6/15/2018.

> This action, based upon incidents occurring between 2012 and 2015, was originally scheduled for trial during the June 2016 Term of Criminal Court. Conflict counsel, appointed by Order of May 9, 2016, then moved for a psychiatric evaluation of Phillips, and the trial was rescheduled for the September 2016 Term of Criminal Court. Conflict counsel was replaced by Order of August 25, 2016, and the trial again continued on Phillips' oral motion to the November 2016 Term of Court. Phillips then moved for another continuance, and the case was placed on the January 2017 Criminal Trial List. On January 10, 2017, at the commencement of trial[], a competency hearing was ordered, following which, by Order of January 23, 2017, the trial was moved to the March 2017 Criminal Trial List.
>
> Phillips had been shown a plea colloquy video on December 29, 2016, and on February 22, 2017, negotiated a no contest plea to charges involving three minor children, two of whom (C.L.P. and A.R.D.) are his daughters. Specifically he pled to the following: one count (No, 1) of aggravated indecent assault, and three counts (Nos. 18, 23 & 28) of indecent assault of C.L.P., 18 Pa.C.S.A. §§ 3125(a)(8), 3126(a)(8), respectively; one count (No. 59) of involuntary deviate sexual intercourse, and three counts (Nos. 66, 67, & 68) of indecent assault of A.R.D., *id.* §§ 3123(a)(7), 3126(a)(7), respectively; and one count (No. 79) of involuntary deviate sexual intercourse, and two counts (Nos. 83 & 86) of indecent assault of the third child, A.C.M., *id.*[1] The plea agreement noted that "[t]he Comm[onwealth] is recommending and the Defendant agrees to an aggregate 10½ year to 30 year sentence (5½ years to 15 years at Count 59 plus a 5 year to 15 year consecutive sentence at [C]ount 79 with all other sentences running concurrently)."
>
> Phillips' plea was accepted on February 22, 2017, after he completed a written plea colloquy with the assistance of counsel, and his sentencing was scheduled for May 26, 2017, to allow time

for the state Sexual Offender Assessment Board (SOAB) to first assess whether he is a sexually violent predator (SVP). A SVP hearing was held on May 25, 2017, and this Court by Order of June 9, 2017, found Phillips to be a SVP, [2] and rescheduled sentencing for August 24, 2017.

On August 2 (although dated August 4), 2017, Phillips filed a motion stating that the [sic] he "now wishes to withdraw his plea and proceed to trial," without further explanation. Motion ¶ 6. A hearing on the motion was commenced on the day set for sentencing, and ordered continued to September 25, 2017, but delayed until December 18, 2017, at Phillips' request. An additional competency evaluation, ordered to address defense counsel's concerns, indicated that Phillips' mental capacity had not deteriorated since the 2016 evaluation that found him to be competent. A Memorandum and Order denying the plea withdrawal motion and rescheduling sentencing was filed on March 5, 2018.

Phillips was sentenced on April 11, 2018, in accordance with his plea agreement to an aggregate minimum term of incarceration of 126 months, and a maximum term of 360 months, with 848 days of presentence incarceration credit.

_____

[1] A *nolle prosequi* was entered as to the remaining eighty counts of the Criminal Information.

[2] The standard of proof used in making that determination has since been declared unconstitutional. ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017). [We clarify this footnote to add Phillips ultimately was not labeled as a Sexually Violent Predator. We also note that our Supreme Court has accepted ***Butler*** for review. ***See Commonwealth v. Butler***, 190 A.3d 581 (Pa. 2018).]

Memorandum and Order, 6/15/2018, at 1-4 (Footnote 3 omitted).

We will address Phillips' second argument, challenging the discretionary aspects of his sentence first. The Commonwealth correctly notes there is no absolute right to appeal the discretionary aspects of one's sentence. ***Commonwealth v. Nevels***, 203 A.3d 229, 246 (Pa. Super. 2019) (The right

to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal.) Specifically relevant to this appeal, Pa.R.A.P. 2119(f) requires an appellant include a separate concise statement of the reasons relied on for allowance of appeal. Essentially, the appellant must explain how the sentence allegedly violates sentencing norms. If the appellant fails to include a Rule 2119(f) statement in the appellant's brief, and if the appellee objects, then this Court is required to find the issue waived.

> [Appellant] failed to include in his brief a separate Rule 2119(f) statement, and the Commonwealth has objected. We are precluded from reaching the merits of his discretionary sentencing claim when the Commonwealth lodges an objection to the omission of the statement. ***Commonwealth v. Roser***, 914 A.2d 447, 457 (Pa.Super. 2006); ***see also Commonwealth v. Farmer***, 758 A.2d 173, 182 (Pa. Super. 2000) (observing that we may not reach the merits of discretionary aspects of sentencing claims where the Commonwealth has objected to the omission of a Pa.R.A.P. 2119(f) statement and finding the issue to be waived). Accordingly, Appellant failed to preserve his challenge to the discretionary aspects of his sentence of restitution, and it is waived.

***Commonwealth v. Weir***, 201 A.3d 163, 175 (Pa. Super. 2018).

Instantly, Phillips has failed to include a Pa.R.A.P. 2119(f) statement in his appellant's brief and the Commonwealth has objected. Accordingly, this issue has been waived.

In his second issue, Phillips claims he was denied his constitutional right to a trial when the trial court denied his motion to withdraw his *nolo* plea. This argument is unavailing.

The trial court has authored a Memorandum and Order, dated March 2, 2018, that contains a substantial analysis of Phillips' *nolo* plea, the evidence against him and the prejudice the Commonwealth would suffer if he had been allowed to withdraw the plea. Until fairly recently, the Courts generally viewed an assertion of innocence, prior to sentencing, as sufficient grounds to grant the withdrawal of a guilty or *nolo* plea. However, our Supreme Court modified that understanding in **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015). In **Carrasquillo**, the Court stated:

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Id.* at 1291-92 (footnote and citation omitted).

In addition, the Court held,

> Presently, we are persuaded by the approach of other jurisdictions which require that a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1292 (citation omitted).

As noted above, the trial court opinion provides a thorough analysis of the underlying facts and circumstances of the plea and Phillips' attempt to

withdraw the plea. We have reviewed the certified record and discern no abuse of discretion in the trial court's denial of Phillips' motion. We rely upon the trial court's able analysis found in the Memorandum and Order dated March 2, 2018. We particularly note the evidence presented at the hearing on the motion to withdraw that detailed the psychological harm the victims would be likely to suffer if the matter went to trial and the victims, now young women, were required to testify. The certified counselor to two of the victims testified how the plea gave a measure of closure to the victims.[2] Even in light of this measure of closure, the victims still suffered psychological trauma from the years-long episodes of abuse. To be forced to relive those moments, after the assurance that the matter had resolved legally, would likely cause great harm. We also take note that the trial court was unimpressed with Phillips' assertion of innocence, claiming only that he suffered blackouts and could not remember any such incidents. Psychological testing of Phillips provided no medical reasons why Phillips would have suffered such blackouts and why they would only occur at those times when he sexually abused the three victims. There is no colorable demonstration that, under the circumstances, allowing Phillips to withdraw his *nolo* plea would promote fairness and justice.

---

[2] The counselor provided treatment to one of the daughters and the friend. The other daughter has been out of contact with the authorities and may not be able to be located. **See** N.T. Motion to Withdraw, 12/18/2017 at 13-14.

In light of the foregoing, Phillips is not entitled to relief on this issue. The parties are directed to attach a copy of the Memorandum and Order dated March 2, 2018, specifically pages 3-8, in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/2019

2018 MAR -5 AM 10: 55

CLERK OF COURTS
CRAWFORD COUNTY, PA

IN THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
:
v.                                     :         No.  CR 213 – 2016
:
LEEN SMITH PHILLIPS,                   :
                         Defendant     :

*Paula C. DiGiacomo, Esq., First A.D.A.*
*Robert E. Draudt, Esq.*

## MEMORANDUM and ORDER

John F. Spataro, J.

The Defendant, Leen Smith Phillips ("Phillips"), has moved to withdraw his no contest plea. We will deny his motion for the reasons set forth in this Memorandum, and schedule him again for sentencing.

### PROCEDURAL POSTURE

This case, based upon incidents allegedly occurring between 2012 and 2015, was originally scheduled for trial during the June 2016 Term of Criminal Court. Conflict counsel, appointed by Order of May 9, 2016, then moved for a psychiatric evaluation of Phillips, and the trial was rescheduled for the September 2016 Term of Criminal Court. Conflict counsel was replaced by Order of August 25, 2016, and the trial again continued on

Phillips' oral motion to the November 2016 Term of Court. Phillips then moved for another continuance, and the case was placed on the January 2017 Criminal Trial List. On January 10, 2017, at the commencement of trials, a competency hearing was ordered, following which, by Order of January 23, 2017, the trial was moved to the March 2017 Criminal Trial List.

Phillips had been shown a plea colloquy video on December 29, 2016, and on February 22, 2017, negotiated a no contest plea to his ninety-one count information for offenses involving three minor children, two of whom (C.L.P. and A.R.D.) are his daughters and the third (A.C.M.) a friend of A.R.D. Specifically, he pled to the following: one count (No. 13) of aggravated indecent assault and three counts (Nos. 18, 23, & 28) of indecent assault of C.L.P., 18 Pa.C.S.A. §§ 3125(a)(8), 3126(a)(8), respectively; one count (No. 59) of involuntary deviate sexual intercourse and three counts (Nos. 66, 67, & 68) of indecent assault of A.R.D., *id.* §§ 3123(a)(7), 3126(a)(7), respectively; and one count (No. 79) of involuntary deviate sexual intercourse and two counts (Nos. 83 & 86) of indecent assault of A.C.M., *id.*[1] The plea agreement noted that "[t]he Comm[onwealth] is recommending and the Defendant agrees to an aggregate 10½ year to 30 year sentence (5½ years to 15 years at Count 59 plus a 5 year to 15 year consecutive sentence at [C]ount 79 with all other sentences running concurrently)."

---

[1] A *nolle prosequi* was entered as to the remaining eighty counts of the Information.

2

Phillips' plea was accepted on February 22, 2017, after he completed a written plea colloquy with the assistance of counsel, and his sentencing was scheduled for May 26, 2017, to allow time for the state Sexual Offender Assessment Board (SOAB) to first assess whether he is a sexually violent predator (SVP). A SVP hearing was held on May 25, 2017, and this Court by Order of June 9, 2017, found Phillips to be a SVP,[2] and rescheduled sentencing for August 24, 2017. The instant motion was filed on August 2 (although dated August 4), 2017, and gave no grounds for withdrawal, stating simply that the "Defendant now wishes to withdraw his plea and proceed to trial." Motion ¶ 6.

A hearing on the motion was commenced on the day set for sentencing, and ordered continued to September 25, 2017, but delayed until December 18, 2017, at Phillips' request.[3] An additional competency evaluation was then ordered to address defense counsel's concerns. The results, recently obtained, indicate that Phillips' mental capacity has not deteriorated since the 2016 evaluation that found him to be competent.

### DISCUSSION

Presentence motions to withdraw pleas are to be liberally allowed. *E.g.*, *Commonwealth v. Baez*, 169 A.2d 35, 39 (Pa. Super. 2017). A defendant, however, has no absolute right to withdraw his plea. *E.g.*,

---

[2] The standard of proof used in making that determination has since been declared unconstitutional. *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017).

[3] Plea counsel was meanwhile permitted to withdraw his appearance due to a complete breakdown in the attorney-client relationship; current defense counsel was then appointed.

*Commonwealth v. Carrasquillo*, 631 Pa. 692, 704, 115 A.3d 1284, 1291 (2015); *see* Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant ... the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty"). The Pennsylvania Supreme Court has broadly instructed trial courts that "the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Carrasquillo*, 631 Pa. at 706, 115 A.3d at 1292; *accord Commonwealth v. Baez*, 169 A.3d 35 (Pa. Super. 2017).

Phillips asserts that he had felt pressured into entering a plea even though "I didn't do any of these actions, and that's why I'm going to stand on my firm ground about." Transcript, Motion to Withdraw Plea, 12/18/17 ("Tr."), at 9 lines 19-20. This Court initially accepted Phillip's assertion of innocence as a "fair and just reason" for permitting withdrawal because, in pleading no contest, he previously had not admitted guilt. Thus to defeat the motion, the Commonwealth would have to show substantial prejudice in now going to trial. *See Carrasquillo*, 631 Pa. at 704, 115 A.3d at 1291 ("any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth"); Order of August 24, 2017.

4

Upon further reflection, the Court believes that under *Carrasquillo*, the credibility of Phillips' claim of innocence should be considered, along with the circumstances of his request to withdraw his plea. *See Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 23-25 (Pa. Super.), *appeal denied*, 174 A.3d 1029 (Pa. 2017); *Commonwealth v. Islas*, 156 A.3d 1185, 1191 (Pa. Super. 2017) (noting that a guilty plea should not be considered in assessing innocence because of the necessity of acknowledging guilt prior to the court's acceptance of a guilty plea). Phillips' motion was made over five months after his plea had been accepted, and followed his adjudication as a SVP. His reason, aside from the pressure any defendant would feel in negotiating a plea,[4] is that he has always maintained his innocence.

Overwhelming evidence, however, has been proffered of his guilt. First, there are the police interviews in which all three girls graphically reported how Phillips had repeatedly sexually molested them, forced two of them to view pornographic videos, and threatened retaliation if they told anyone. SOAB Report (Cmwlth. Exhibit 2, SVP hearing), at 1-2; Tr. at 5-7. Second, following Phillips' arrest, he reportedly told police "that he would pretend to be or act out as if he were a lion, basically in charge of or the head of a pride of other lions so he could basically – it was nature; he would have sexual relation with his daughters or pride." Tr. at 10:22-11:1; *see also id.* at 11:20-23 ("he stated ... that he was half man and half lion; he

---

[4] Trial was set to begin shortly, and Phillips (then aged thirty-eight) was negotiating a reduction in over a millennium of possible jail time.

spoke about the way a male lion has a group of lionesses that are his"); *cf.*
*Carrasquillo,* 115 A.3d at 1293 (Carrasquillo's bizarre statements "wholly
undermined" the plausibility of his innocence). He claimed at times not to
remember these incidents, and that "when he blacked out that his
personality would change to that of a Leo, an evil person." Tr. at 11:5-7.
He also gave police inculpatory accounts regarding C.L.P. and A.C.M.,
admitting "I did it." Tr. at 12:3-16. Third, his assertion of selective amnesia
due to blackouts was considered implausible by the examining psychiatrist,
though Phillips has received mental health treatment and been diagnosed
with Unspecified Depressive Disorder, for which he is now being medicated.
Tr. at 3:18, 10:21-22, 11:4-5; SOAB Report 3. He reported that he had
himself growing up been the victim of physical and sexual abuse. SOAB
Report 3. Considering all of the foregoing, his claim of innocence is, in our
view, implausible, and thus, without more, not a "fair and just reason" for
granting his request.[5] *See Carrasquillo,* 631 Pa. at 704, 115 A.3d at 1291
("a defendant's innocence claim must be at least plausible to demonstrate,
in and of itself, a fair and just reason for presentence withdrawal of a plea"),
*quoted in, e.g., Baez,* 169 A.3d at 39; *cf. Islas,* 156 A.3d at 1191 ("The
defendant need only proffer a "colorable" or "plausible" claim of innocence,
which Islas has surely done.").

---

[5] This seems especially so because his motion followed his adjudication as a SVP, enhancing
(at that time) whatever other punishment he would receive. Notably, a post-sentence
motion to withdraw a plea requires a showing that denial would be manifestly unjust. *Islas,*
156 A.3d at 1188 (citing *Commonwealth v. Broaden,* 980 A.2d 124, 129 (Pa. Super. 2009)).

The Commonwealth, moreover, has demonstrated that plea withdrawal at this juncture could substantially prejudice its case.[6] Another year has passed since the trial would have been held, after three postponements at Phillips' request. One of the Commonwealth's witnesses, Heath Sutton – a former cellmate in whom Phillips had confided – has lost his motivation to cooperate now that he has pled and been sentenced.[7] Tr. at 13:3-13; *see Baez*, 193 A.3d at 41-42 (summarizing cases where witness unavailability supported the denial of a motion to withdraw a plea). Daughter A.R.D., nearly thirteen years old, has moved and not responded to attempts to contact her. Tr. at 12:25-13:4. Daughter C.L.P., now nearly eighteen, has been undergoing counseling with Erin Sheraton, who testified as an expert in trauma counseling to C.L.P.'s overwhelming fear of having to testify in court, and opined that her recovery has been negatively affected since learning of Phillips' desire to rescind his plea. Tr. at 23:10-25:24; see *Carrasquillo*, 631 Pa. at 707, 115 A.3d at 1293 ("evidence of the harmful effect of Appellee's withdrawal of his plea upon [the young victim]'s psychological and emotional well-being was relevant to the trial court's inquiry")(Stevens, J., concurring). Ms. Sheraton also had assessed A.C.M., now aged thirteen, who was having trouble coping with Phillips' desire to withdraw his plea, and told the trauma

---

[6] Prejudice in this context requires a showing that, due to events occurring after the plea was entered, the Commonwealth would be placed in a worse position than had the trial occurred as scheduled. *Commonwealth v. Blango*, 150 A.3d 45, 51 (Pa. Super. 2016); *cf. Baez*, 169 A.3d at 41-42 (affirming the denial of a motion to withdraw a plea made after three witnesses had already testified).

[7] Mr. Sutton is serving a state sentence imposed at Case Nos. 234, 235, and 286–2016.

counselor that she would be unable to testify for fear that he would harm her or her family. Tr. at 27:4-29:2, 35:17-22; *cf. Islas*, 156 A.3d at 1193 (the finding of substantial prejudice was unsupported because "[t]he Commonwealth affirmatively chose not to present evidence of witness availability at the hearing, resting instead on the argument that Islas had not offered a fair and just reason to withdraw his plea.").

## CONCLUSIONS

Phillips has not presented a plausible claim of innocence. The only possible "fair and just" reason he has for seeking leave to rescind his plea is that he never, on the record, admitted his guilt. Case law does not, however, seem to support a distinction between a guilty and a no contest plea where the defendant's declaration of innocence is implausible. The additional circumstances here of prejudice to the Commonwealth in now proceeding to trial, and the timing of Phillips' request, leads us to conclude that fairness and justice would not be promoted by permitting him to withdraw his plea. *See Carrasquillo*, 631 Pa. at 796, 115 A.3d at 1292.

Accordingly, we enter the following Order:

## ORDER

AND NOW, this 2nd day of March, 2018, the Defendant's Motion to Withdraw Plea is DENIED. The Court schedules sentencing for April 19, 2018, at 8:45 a.m., in Courtroom #2, Crawford County Judicial Center, Meadville, PA 16335.

BY THE COURT,

_____
Judge

Distributed by Clerk of Courts
Date as Filed 3-5-18
D.A. email
Def. Atty. email
Def.
Jail
Apo
Sheriff
Other email

9