J-S36032-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSE KINDER | : | |
| | : | |
| Appellant | : | No. 1771 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 29, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0000975-2018

BEFORE:  OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    FILED AUGUST 14, 2020

Jesse Kinder (Kinder) appeals from the judgment of sentence imposed in the Court of Common Pleas of Crawford County (trial court) following his entry of a guilty plea to criminal mischief.[1]  Counsel has filed a brief and petition to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3304(a)(5).

I.

On June 12, 2019, Kinder entered a guilty plea to the above-mentioned charge.[2]  At the hearing, Kinder admitted under oath that he intentionally caused damage totaling $9,014.97 to property owned by the United Community Independence Programs (UCIP) in Vernon Township on December 17-18, 2017.  Two Pennsylvania State Police Troopers had collected Kinder's blood and DNA from a door handle and DVD player on the UCIP property.  Kinder indicated that he understood the offense carried a maximum penalty of seven years' imprisonment and a $15,000.00 fine.  The Commonwealth nolle prossed the remaining charges of burglary and theft by unlawful taking.

On June 21, 2019, Kinder filed a pro se motion requesting to withdraw his guilty plea on the basis that he is innocent of the crime.  The trial court held a hearing on the motion on August 1, 2019.  Kinder acted pro se and stated multiple times that he did not want to postpone the proceeding to obtain counsel.  (See N.T. Motion to Withdraw Guilty Plea, 8/01/19, at 2, 6-7).  Kinder reiterated that he did not commit the offense.  (See id. at 3).  He also noted that he entered the plea in order to gain transfer from county jail

_____

[2] Kinder elected to represent himself at the plea hearing following a thorough colloquy regarding waiver of his right to counsel.  (See N.T. Guilty Plea, 6/12/19, at 2-3, 7-8).  At the time of the hearing, Kinder had recently been convicted of burglary and related charges in two separate Crawford County cases and was appealing those convictions.

because it "did not have the resources to help me fight my [separate] case in the Superior Court." (Id. at 3).

The trial court issued a memorandum and order denying Kinder's motion to withdraw his guilty plea on August 22, 2019. On October 29, 2019, the trial court sentenced Kinder to a term of not less than twenty-four nor more than sixty months' incarceration, plus costs, a fine of $150.00 and restitution to UCIP in the amount of $500.00. This timely appeal followed. Kinder and the trial court complied with Rule 1925. See Pa.R.A.P. 1925(a)-(b). Counsel filed an application to withdraw and an Anders Brief in this Court on May 28, 2020.

II.

We first address counsel's application to withdraw which must satisfy both procedural and substantive requirements. Procedurally, counsel must: (1) petition the court for leave to withdraw, stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. See Commonwealth v. Cartrette, 83 A.3d 1030, 1032 (Pa. Super. 2013).

Counsel in the instant case has complied with these procedural mandates. The motion to withdraw indicates that counsel reviewed the entire

record and concluded that the instant appeal is wholly frivolous. (See Motion to Withdraw as Counsel, 5/28/20, at 1). Counsel has certified that he sent a copy of the Anders brief and motion to withdraw as counsel to Kinder. Counsel's letter to Kinder advises him of the right to hire private counsel or raise pro se any additional arguments he would like this Court to consider. (See Letter from Scott A. White, Esquire to Kinder, 5/27/20).

Regarding the substantive elements, the brief accompanying counsel's petition to withdraw must: (1) provide a summary of the procedural history and facts of record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. See Santiago, supra at 361. Counsel's Anders brief summarizes the factual and procedural history, identifies one potential issue for appeal, and outlines the legal reasons that led counsel to conclude that any appeal would be frivolous.

Because counsel has complied with the aforementioned requirements, we now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." Santiago, supra at 355 n.5. The Anders brief identifies one issue arguably supporting an appeal challenging the trial court's refusal to permit Kinder to withdraw his guilty plea.

III.

As noted, Kinder's sole issue alleges the trial court abused its discretion in denying his motion to withdraw his guilty plea to criminal mischief of the UCIP property. He claims the court should have permitted withdrawal of the plea where he filed the motion before sentencing and asserted his innocence to the crime.[3]

Regarding withdrawal of a plea, in Commonwealth v. Carrasquillo, 115 A.3d 1284, 1291-92 (Pa. 2015), we explained that while a pre-sentence motion to withdraw is to be liberally allowed, nonetheless:

> there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

We went on to further explain in Commonwealth v. Baez, 169 A.3d 35, 39 (Pa. Super. 2017) (footnote and one citation omitted; case citation formatting provided) held that:

> The Carrasquillo Court, breaking with prior precedent, held that a bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea. Instead, "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." Id. at 1292. Our High Court outlined that the correct inquiry "on

_____

[3] We review a trial court's decision regarding whether to permit a presentence guilty plea to be withdrawn for an abuse of discretion. See Commonwealth v. Elia, 83 A.3d 254, 261 (Pa. Super. 2013), appeal denied, 94 A.3d 1007 (Pa. 2014).

consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." Id. In that decision, our Supreme Court ruled that the defendant had not offered a plausible innocence claim given that it was rather bizarre—a "devil made me to it" claim of innocence—and since the innocence claim was offered just prior to sentencing. (Emphasis added.)

Most recently, in Commonwealth v. Norton, 201 A.3d 112, 121 (Pa. 2019), we stated that we must give deference to the trial court's decision not to allow the withdrawal of the plea, stating:

> Thus, the Carrasquillo Court clearly established that trial courts have the discretion to assess the plausibility of claims of innocence. Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

The trial court's discretion, however, is not unfettered and must be informed by the law that requires it to make credibility determinations that are supported by the record. See id.

In this case, the trial court was extremely familiar with this case, having observed Kinder throughout the various court proceedings. It determined that Kinder's bare assertion of innocence was implausible and that it was not a fair and just reason for withdrawing the plea. (See Trial Court Opinion, 8/22/19, at 3). The court noted Kinder's repeated waiver of his right to counsel after its extensive colloquy. (See id. 1-3). It also appropriately assessed the

plausibility of Kinder's contentions supporting withdrawal of his plea when it considered the timing of the plea, which occurred "on the eve of trial in a perceived effort to engage in gamesmanship and to avoid being housed in the Crawford County Jail." (Id. at 3; see also N.T. Motion to Withdraw Guilty Plea, at 3). The court further noted the testimony of the two state troopers at a pre-trial hearing who collected Kinder's blood and DNA from a door handle and a DVD player at the crime scene as evidence of Kinder's guilt. (See T.C.O., at 3). Finally, the court properly factored into its exercise of discretion that Kinder admitted under oath at his guilty plea colloquy to engaging in criminal mischief on the UCIP property. (See id.) (see also Commonwealth v. Yeomans, 24 A.3d 1044, 1047 (Pa. Super. 2011) (stating longstanding rule of Pennsylvania that a defendant may not challenge his guilty plea by asserting that he lied while under oath and is bound by statements he makes in open court).

In sum, we conclude that the trial court acted within its discretion when it denied Kinder's motion to withdraw his guilty plea on the basis that his bare, belated assertion of innocence was not a sufficient reason to permit withdrawal of the plea, making the only claim for which Kinder seeks review frivolous.

Furthermore, after independent review, we determine that there are no other non-frivolous bases for appeal and this appeal is wholly frivolous. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/14/2020