J-S16026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                        :           PENNSYLVANIA
                                                        :
                             v.                         :
                                                        :
                                                        :
RENALDO M. ROBICHAW                    :
                                                        :
                   Appellant                           :  No. 2338 EDA 2022

Appeal from the Judgment of Sentence Entered August 30, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0000578-2020

BEFORE:  DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                              **FILED JUNE 9, 2023**

Renaldo M. Robichaw (Appellant) appeals from the judgment of

sentence imposed after he pled guilty to a single count of fleeing or attempting

to elude a police officer.[1]  We affirm.

The trial court explained:

> On December 3, 2019, on Interstate 76 East, [… Appellant]
> was operating a motor vehicle and was given visual and audible
> signals by authorities to stop the vehicle.  [Appellant] refused to
> bring his vehicle to a stop and proceeded to flee.  Authorities
> pursued [Appellant] for several miles with their lights and sirens
> activated, but [Appellant] continued to refuse to bring the vehicle
> to a stop.  This pursuit continued at a high speed until the vehicle
> operated by [Appellant] crashed on a [] street in Philadelphia, PA.
> Authorities subsequently apprehended [Appellant] after he
> attempted to abscond by foot.
>
> On August 30, 2022, the court began a jury trial and,
> following testimony from one (1) witness, [Appellant]

---

[1] 18 Pa.C.S.A. § 3733 (a)(2)(iii).

subsequently decided to enter into a negotiated plea agreement in which he pled guilty to [fleeing or attempting to elude a police officer]. During this process, [Appellant] completed a written guilty plea colloquy and both defense counsel and the court administered an oral guilty plea colloquy. That same date, as part of the plea agreement, the court imposed a sentence of [] 11½ to [] 23 months of imprisonment with credit for time served from December 3, 2019 to August 30, 2022.

Trial Court Opinion, 1/6/23, at 1-2 (footnote omitted).

With credit for time served, Appellant had completed his sentence when he entered his guilty plea. Although represented by counsel, Appellant filed a *pro se* motion to withdraw his plea on September 7, 2022.[2] On September 12, 2022, Appellant filed a *pro se* notice of appeal.[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

_____

[2] There is no right to hybrid representation either at trial or on appeal. **See Commonwealth v. Padilla**, 80 A.3d 1238, 1259 (Pa. 2013). When a defendant who is represented files a *pro se* motion, brief, or petition, the court should not rule on the motion but forward the document to counsel, as the trial court did in the instant matter. **See id.** at 1258. Courts in this Commonwealth "will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (citation omitted).

[3] The appeal is proper. Although Appellant was represented when he filed the *pro se* notice of appeal, "this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel." **Williams**, 151 A.3d at 624. Also, Appellant purported to appeal on **September 12,** 2022, from the judgment of sentence entered "**September 30**, 2022." On January 23, 2023, this Court issued a rule to show cause as to why the appeal should not be quashed. Appellant responded that the date was a typographical error and he intended to appeal from the sentence entered **August** 30, 2022. Response, 1/25/23, at 2 (unnumbered). On January 27, 2023, we discharged the rule. Given the obvious error, and in the interest of judicial economy, we

*(Footnote Continued Next Page)*

Appellant presents one issue for our review:

I.      Did the [trial] court err in accepting [Appellant's] guilty plea since the plea was not knowing and voluntarily entered because [Appellant's] oral guilty plea colloquy failed to explain:    (1) the right to confront and cross-examine witnesses, (2) the fact that a jury's verdict would need to be unanimous, and (3) the defendant would be presumed innocent unless the Commonwealth established the elements of each crime beyond a reasonable doubt?

Appellant's Brief at 3.

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." ***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017).  The term discretion,

> imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges.  Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action.  Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Kehr***, 180 A.3d 754, 756-57 (Pa. Super. 2018) (citation omitted).

---

regard "as done what ought to have been done" and deem Appellant's appeal as taken from the August 30, 2022 judgment of sentence.  ***See Zitney v. Appalachian Timber Products, Inc.***, 72 A.3d 281, 285 (Pa. Super. 2013).

There are different standards for reviewing requests to withdraw a guilty plea before and after a sentence is imposed. ***Commonwealth v. Flick***, 802 A.2d 620, 623 (Pa. Super. 2002). Pre-sentence, the court administers its discretion liberally in favor of the accused, and "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1292 (Pa. 2015). In contrast,

> post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009) (citations omitted).

We presume when an appellant has entered a guilty plea that he was aware of what he was doing; it is his burden to prove the plea was involuntary. ***See Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001). Where the record demonstrates the trial court conducted a guilty plea colloquy and the appellant understood the nature of the charges against him, the plea is voluntary. ***See id.***

A valid plea colloquy examines:

> 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.

*Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (citation omitted). This examination may be conducted by defense counsel or the attorney for the Commonwealth, as permitted by the Court. *See* Pa.R.Crim.P. 590, Comment. Additionally, the examination may consist of both a "written colloquy that is read, completed, signed by the defendant, and made part of the record," and an on-the-record oral examination. *Id.*

Instantly, Appellant has waived his challenge to the oral plea colloquy. We have explained:

> In order to preserve an issue related to a guilty plea, an appellant must either "object[ ] at the sentence colloquy or otherwise raise [ ] the issue at the sentencing hearing or through a post-sentence motion." *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa. Super. 2002). *See* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

*Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468–69 (Pa. Super. 2017).

While Appellant filed a post-sentence motion to withdraw his plea, it was a legal nullity because he filed the motion *pro se* while represented by counsel. Thus, the trial court did not rule on the motion.[4]

Further, Appellant abandoned the claims in his motion to withdraw, and argues on appeal that his "plea colloquy was defective in that it failed to explain a jury verdict would need to be unanimous and that the Commonwealth would bear the burden of proving each element of the charges beyond a reasonable doubt." Appellant's Brief at 8. Appellant first raised the adequacy of the colloquy in his Rule 1925(b) statement. *See Monjaras-Amaya*, 163 A.3d at 468-69; *see also Commonwealth v. Baez*, 169 A.3d 35, 41 (Pa. Super. 2017) (finding waiver where appellant argued issues not raised in his motion to withdraw guilty plea on appeal); *Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) statement are waived); Pa.R.A.P. 302(a).

Waiver notwithstanding, Appellant would not be entitled to relief. Appellant entered his plea after trial began and the first witness testified. The record reflects Appellant was present for the trial court's jury instructions,

---

[4] Appellant claimed his plea was the result of prosecutorial misconduct, ineffective assistance of plea counsel, and judicial bias. Motion for Withdrawal of Guilty Plea, 9/7/22, at 1-4 (unnumbered). Appellant never claimed the colloquy was deficient. *See id.* Appellant first challenged the adequacy of the colloquy in his Rule 1925(b) statement. *See* Concise Statement of Errors Complained of on Appeal, 12/21/21, at 1 (unnumbered).

including instructions on burden of proof. N.T. Trial, 8/30/22, at 38, 40. Further, in his 10-page written colloquy, Appellant agreed he understood that "all 12 people on your jury must agree on your guilt beyond a reasonable doubt, before you can be convicted of the crime or crimes with which you were charged[.]" Written Guilty Plea, 8/30/22, at 3. Appellant also acknowledged he understood "the Commonwealth must prove your guilt beyond a reasonable doubt before you can be convicted of the crime(s) charged[.]" *Id.*

During Appellant's oral colloquy, he confirmed defense counsel read him "every question or statement" in the written colloquy. N.T. Guilty Plea, 8/30/22, at 5. Appellant confirmed that he initialed the bottom of each page. *Id.* When asked if he "fully understood what we're doing here with this plea," Appellant answered, "Yes." *Id.* at 6. Appellant stated he understood he had a "full right to continue with [the jury] trial, complete the trial, and allow the jury to decide[] whether or not you're guilty of the any of the crimes you're charged with[.]" *Id.* Appellant acknowledged it was his choice to plead guilty, he had sufficient time to discuss the plea with counsel, he had no questions, and he was making the decision freely. *Id.* at 7. Appellant replied in the affirmative when the trial court asked if "the same question were asked of you under oath as you answered before, would your answers be the same?" *Id.* at 8.

Rule 590 does not require that an oral colloquy repeat all information in the written colloquy. *See* Pa.R.Crim.P. 590, Comment. Upon review, we

agree with the trial court that Appellant's "responses to the written and oral guilty plea colloquies help establish that [Appellant] had a full understanding of the nature and consequences of his guilty plea." Trial Court Opinion, 1/6/23, at 5; *see also Morrison*, 878 A.2d at 107; ***Commonwealth v. Yager***, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) ("The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made."). In the absence of waiver, Appellant would not be entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2023