J-S33045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JARRETT D. SAMUELS, JR. :
:
Appellant : No. 168 WDA 2023

Appeal from the Judgment of Sentence Entered January 12, 2023
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000343-2022

BEFORE: BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: October 5, 2023**

Appellant, Jarrett D. Samuels, Jr., appeals from the judgment of sentence entered in the Court of Common Pleas of Mercer County following his negotiated guilty plea to the sole charge of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1). After a careful review, we affirm.

The relevant facts and procedural history are as follows: Appellant was charged with criminal attempt (first-degree murder), two counts of aggravated assault, and recklessly endangering another person[1] in connection with the shooting of Tyreek Barnett. On October 11, 2022, Appellant, who

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 2702(a)(4), and 2705, respectively.

was represented by privately retained counsel, proceeded to a guilty plea hearing.

During the hearing, guilty plea counsel indicated he explained Appellant's rights to him, and Appellant understood those rights. N.T., 10/11/22, at 2-3. Guilty plea counsel confirmed Appellant executed a written guilty plea. *Id.* at 10. The trial court advised Appellant that, if the Commonwealth made a sentencing recommendation, and the trial court did not accept the recommendation, Appellant would be permitted to withdraw his guilty plea. *Id.* at 3. Appellant indicated he understood. *Id.* Appellant also indicated he was not under the influence of any drugs, alcohol, or medications. *Id.*

The Commonwealth informed the trial court that the parties had reached an agreement whereby Appellant would plead guilty to one count of aggravated assault under 18 Pa.C.S.A. § 2702(a)(1), and in exchange, the Commonwealth would *nolle pros* the remaining charges as well as recommend a sentence of six years to twenty years in prison with credit for time served from March 20, 2022, to the time of sentencing. *Id.* at 4. Appellant confirmed his understanding of the plea agreement, and he confirmed that, aside from this plea agreement, no one had promised him anything or threatened him in any manner. *Id.* Appellant specifically confirmed he was satisfied with the services of guilty plea counsel. *Id.* at 6.

Appellant indicated he understood that if he went to trial the Commonwealth "would have to convince a jury of 12 persons unanimously and beyond a reasonable doubt…that [Appellant] caused serious bodily injury to another intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[, which] in this case [was that Appellant] shot somebody." *Id.* Appellant confirmed he understood he was pleading guilty to a "felony of the first degree[, which] carries a maximum fine of $25,000 and a maximum of 20 years in a state penitentiary." *Id.*

The following relevant exchange then occurred:

[GUILTY PLEA COUNSEL]: [Appellant], do you admit that on or about March 20th of 2022, while in the City of Sharon, County of Mercer, you did intentionally, knowingly, or recklessly cause serious bodily injury to the victim, Tyreke (phonetic spelling) Barber [*sic*],[2] under circumstances manifesting extreme indifference to the value of human life by shooting the victim in his upper leg with a semi-automatic rifle?

[APPELLANT]: Yes.

THE COURT: Commonwealth satisfied?

[DISTRICT ATTORNEY]: Yes, Your Honor.

---

2 As discussed *infra*, Appellant filed a motion to withdraw his guilty plea. During the evidentiary hearing on his motion, Appellant acknowledged that the victim's name is "Tyreek Barnett." N.T., 12/6/2, at 5-6. However, he confirmed at the evidentiary hearing that, when he entered his guilty plea and defense counsel referred to "Tyreke (phonetic spelling) Barber," he understood counsel to be referring to "Tyreek Barnett." *Id.*

*Id.* at 7 (footnote added).[3]

Based on the aforementioned, the trial court indicated that "[Appellant] appearing before [the trial] court with counsel, and voluntarily, knowingly, and intelligently entering a plea of guilty to one count of Aggravated Assault, causing serious bodily injury with a deadly weapon, said plea is accepted." *Id.* at 9. The trial court noted the charge was a felony of the first degree in violation of 18 Pa.C.S.A. § 2701(a)(1). *Id.*

The trial court acknowledged the Commonwealth's sentencing recommendation of six years to twenty years in prison with credit for all time served, and the trial court indicated that, in the event the trial court did not accept the recommendation, Appellant would be permitted to withdraw his guilty plea. *Id.* The trial court noted all remaining charges were *nol prossed*. *Id.* Guilty plea counsel confirmed the guilty plea was "in [Appellant's] best interests." *Id.* The trial court scheduled Appellant's sentencing hearing for November 9, 2022.

Prior to the sentencing hearing, on November 1, 2022, guilty plea counsel filed a motion to withdraw his representation. Therein, counsel explained that "[Appellant] notified [guilty plea counsel] [indicating] that he desires to withdraw his guilty plea…and no longer wants the services of [guilty

---

[3] We note the record reveals there is video footage of the crime, as well as still images, which depict Appellant as driving a vehicle and shooting the victim with a rifle pointing out of the vehicle's window. N.T., 11/10/22, at 23-24.

- 4 -

plea counsel, who was privately retained]." Motion to Withdraw Representation, filed 11/1/22, at 1. Further, on or about November 2, 2022, Appellant filed a *pro se* motion to withdraw his guilty plea. Therein, Appellant relevantly indicated he desired to withdraw his guilty plea in order to "retain [his] innocence,…retain his rights,…[and] to have more time to think and analyze the circumstances [since he] feels [he] was pressured and forced by counsel to do something [he] didn't want to do[.]" Motion to Withdraw Guilty Plea, filed 11/2/22, at 1.

On November 8, 2022, the trial court held a hearing to address guilty plea counsel's petition to withdraw. During the hearing, Appellant acknowledged there was video footage of the crime, but he stated that it "was not [him]" in the subject vehicle who shot the victim. N.T., 11/10/22, at 25. He stated that "[a]nybody could have been in [his] vehicle that day." ***Id.***

Accordingly, at the conclusion of the hearing, the trial court granted guilty plea counsel's petition to withdraw as counsel and continued the matter for the appointment of new defense counsel, as well as an evidentiary hearing on Appellant's presentence motion to withdraw his guilty plea. By order entered on November 9, 2022, the trial court appointed new counsel to represent Appellant.

On December 6, 2022, Appellant, represented by new counsel, proceeded to an evidentiary hearing on his presentence motion to withdraw his guilty plea. Counsel confirmed he reviewed Appellant's *pro se* motion, and

Appellant "would like to proceed with withdrawing his guilty plea." N.T., 12/6/22, at 3.

At the hearing, Appellant confirmed that, during the guilty plea colloquy, he admitted he shot Mr. Barnett, and "this was an honest answer." *Id.* at 6. However, Appellant indicated he would like to raise the issue of self-defense. *Id.* That is, Appellant testified he "was admitting to shooting [Mr. Barnett], but [he was] saying [he] would have self-defense[.]" *Id.*

In support of his claim of self-defense, Appellant testified that, in 2014, when he was in high school, Mr. Barnett, who was one of his classmates, "flipped [him] out of [his] desk for no apparent reason." *Id.* at 7. Appellant indicated that over the last eight years Mr. Barnett attacked him on "Facebook at wee hours in the morning" and sent him threatening texts. *Id.* at 8. He noted that approximately one week before he shot Mr. Barnett, he read one of Mr. Barnett's Facebook posts wherein Mr. Barnett said he knew Appellant had been with a certain female. *Id.* at 10. Appellant claimed Mr. Barnett indicated in the Facebook post that "when he found [Appellant and the woman] he was going to beat her ass and fuck [them] up, and you know, even kill [them]." *Id.* Appellant testified Mr. Barnett made a similar Facebook post one or two days before Appellant shot him. *Id.* Appellant admitted that, aside from incidents occurring in 2014 while he and Mr. Barnett were seniors in high school, no other physical altercations had occurred prior to Appellant shooting Mr. Barnett on March 20, 2022. *Id.* at 12.

Regarding the incidents occurring on March 20, 2022, Appellant testified one of his female friends called and asked him to give her a ride to the hospital. *Id.* at 13. Appellant agreed and drove to her apartment building. *Id.* After Appellant stopped his vehicle in front of the woman's apartment, "[Mr. Barnett] bolted out the door [of the residence]…[and] started approaching [Appellant's] car[.]" *Id.* Appellant testified Mr. Barnett threatened to "beat his ass" and told him to get out of the car. *Id.* at 14. Appellant admitted he "brandished" his gun so that Mr. Barnett could see it, and, since Mr. Barnett would not stop making verbal threats, move away from Appellant's car, or stop "moving his hands in ways that were…confusing to [Appellant]," Appellant "fired one shot into his leg, upper leg." *Id.* Appellant admitted he was not sure whether Mr. Barnett was armed; however, he "thought [he saw] a silver handle of a gun" on Mr. Barnett. *Id.* at 15. Appellant stated he was in fear for his life at the time, so he "took the first precaution," which was to shoot Mr. Barnett. *Id.*

On cross-examination, when shown video footage from a camera that recorded the shooting, Appellant admitted he was sitting in his vehicle, which was in the middle of the street, when he shot Mr. Barnett. *Id.* at 17. Appellant also admitted the video depicts him shooting Mr. Barnett with "a long rifle out the window." *Id.* at 18. Appellant admitted the rifle was "an AR-15 assault rifle." *Id.* at 20. Appellant admitted the video showed him stopping his vehicle with the barrel of the rifle sticking out of the window, moving the

vehicle forward five or six feet with the barrel of the rifle still out, stopping the vehicle, and shooting Mr. Barnett, who was "still in the grass of the front yard of the apartment building." *Id.* at 28-29, 45. Appellant admitted Mr. Barnett never made it out of the yard before Appellant shot him. *Id.* at 29.

Appellant admitted the video does not depict any evidence that Mr. Barnett was in possession of a weapon; however, Appellant testified he thought he saw a gun in Mr. Barnett's waistband when Mr. Barnett exited the apartment's door, which was out of view of the camera. *Id.* at 20. Appellant clarified he thought he saw the victim with a gun in his waistband before Appellant stopped his vehicle. *Id.* at 35, 45. When asked by the trial court why he did not keep driving when he thought he saw Mr. Barnett with a gun before he stopped his car, Appellant responded, "everything was just going so fast, and that's when [his female friend] literally got brought out the door." *Id.* at 45.

Appellant admitted Mr. Barnett never pointed any gun at Appellant. *Id.* at 26. Appellant specifically admitted that, when he fired his rifle, Mr. Barnett did not have a gun or any other weapon in either of his hands. *Id.* at 21-22. Appellant also admitted the video depicts him driving away immediately after he shot Mr. Barnett, and he admitted he did not call the police after he shot Mr. Barnett. *Id.* at 21-22, 42.

Appellant admitted that, at the time of the shooting, Mr. Barnett was dating one of Appellant's ex-girlfriends; however, Appellant testified he had

- 8 -

"moved on." *Id.* at 22. He denied that when he shot Mr. Barnett in the leg he was aiming for his genitals. *Id.* When asked by the Commonwealth "why [Appellant] believe[d] it was necessary in self-defense to shoot [Mr. Barnett] with an AR-15 rifle when he had no weapon in his hand[,]" Appellant replied "[Mr. Barnett] could have pulled the gun and then boom, blew [Appellant's] brains out." *Id.* at 31-32.

Appellant testified that, before he entered his guilty plea, he advised his guilty plea counsel that he had a claim of self-defense. *Id.* at 36. He testified he did not tell the trial court during the guilty plea colloquy that he had a claim of self-defense because guilty plea counsel pressured him not to do so. *Id.* at 37. Appellant admitted one of the reasons he entered a guilty plea was to avoid a harsh sentence should he be convicted by a jury. *Id.* at 40.

At the conclusion of the evidentiary hearing, the trial court denied Appellant's presentence motion to withdraw his guilty plea. Specifically, the trial court indicated it did "not credit some of [Appellant's] testimony." *Id.* at 56. However, the trial court further indicated that, even if it "believed every word he said," Appellant's testimony, as a matter of law, would not establish the elements for self-defense. *Id.* Thus, the trial court concluded Appellant did not have a plausible claim of innocence based on self-defense. *Id.*

On January 12, 2023, the trial court imposed the agreed upon sentence of six years to twenty years in prison with credit for time served. Appellant

filed a timely, counseled notice of appeal. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant sets forth the following issue in his "Statement of Questions Involved" (verbatim):

1. Whether the trial court erred in denying [Appellant's] motion to withdraw his guilty plea prior to sentencing?

Appellant's Brief at 4. We review the trial court's denial of Appellant's presentence motion to withdraw his guilty plea for abuse of discretion. **Commonwealth v. Baez**, 169 A.3d 35, 39 (Pa.Super. 2017); **Commonwealth v. Islas**, 156 A.3d 1185, 1187 (Pa.Super. 2017).

As this Court recently held:

Where a defendant requests to withdraw his guilty plea before he is sentenced, the trial court has discretion to grant the withdrawal and that discretion is to be liberally exercised to permit withdrawal of the plea if two conditions are present: 1) the defendant demonstrates a fair and just reason for withdrawing the plea and 2) it is not shown that withdrawal of the plea would cause substantial prejudice to the Commonwealth. **Commonwealth v. Carrasquillo**, 631 Pa. 692, 115 A.3d 1284, 1291-92 (2015); **Baez**, 169 A.3d at 39; **Islas**, 156 A.3d at 1188; **see also** Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant,…the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty")[.]

**Commonwealth v. Jamison**, 284 A.3d 501, 505 (Pa.Super. 2022).

In the case *sub judice*, since there was no showing that withdrawal of Appellant's guilty plea would have prejudiced the Commonwealth, the sole issue with respect to Appellant's presentence motion to withdraw his guilty

plea is whether Appellant satisfied the requirement that he demonstrate a fair and just reason for withdrawing the plea.

Appellant argues he demonstrated a fair and just reason because he raised a plausible claim of innocence. Specifically, Appellant contends he acted in self-defense when he shot Mr. Barnett.

> A plausible claim of innocence, supported by some facts or evidence in the record, constitutes a fair and just reason for allowing presentence withdrawal of a guilty plea. *Islas*, 156 A.3d at 1191-92. Where, however, the defendant merely makes a bare assertion that he is innocent without any proffer of any supporting basis for that claim, the trial court in its discretion may deny withdrawal on the ground that the defendant has not shown a fair and just reason for withdrawal of the plea. *Commonwealth v. Norton*, 650 Pa. 569, 201 A.3d 112, 120-23 (2019); *Commonwealth v. Hvizda*, 632 Pa. 3, 116 A.3d 1103, 1105, 1107 (2015); *Baez*, 169 A.3d at 39-41.

*Jamison*, 284 A.3d at 505 (some citations omitted). *See Carrasquillo*, *supra* (holding a fair and just reason exists where the defendant makes a claim of innocence that is plausible).

> "Stated more broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Norton*, *supra*, 201 A.3d at 120-21[.] "[T]rial courts have discretion to assess the plausibility of claims of innocence." *Id.* at 121.
>
> We review that exercise of discretion as follows:
>
> > When a [trial] court comes to a conclusion through the exercise of its discretion, there is a heavy burden [on the appellant] to show that this discretion has been abused. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this

- 11 -

heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling.

\*\*\*

[I]t is important that appellate courts honor trial court's discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

*Norton*, *supra*, 201 A.3d at 120, 121 (citations omitted).

The trial court's discretion, however, is not unfettered. "[T]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge." *Id.* at 121[.] The trial court must be mindful that the law requires trial courts to grant presentence plea withdrawal motions liberally and make credibility determinations supported by the record. *Id.* The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution. Finally, this Court must not substitute its judgment for that of the trial court; rather, we must discern whether the trial court acted within its permissible discretion. *Norton*, *supra*, 201 A.3d at 121.

*Commonwealth v. Garcia*, 280 A.3d 1019, 1023-23 (Pa.Super. 2022) (some

quotation marks and quotations omitted).

- 12 -

Here, in explaining the reasons it denied Appellant's presentence motion to withdraw his guilty plea, the trial court relevantly indicated the following:

> In the present case, [Appellant] argues the [trial] court committed an error of law in denying [Appellant's] motion to withdraw his guilty plea prior to sentencing. "A defendant is bound by the statements which he makes during his plea colloquy[,]…a defendant 'may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty,' and he may not recant the representations he made in court when he entered his guilty plea." [**Commonwealth v. Jabbie**, 200 A.3d 500, 506 (Pa.Super. 2018) (citations omitted).]
>
> At the [guilty plea] hearing on October 11, 2022, [Appellant] agreed he intentionally, knowingly, and recklessly caused bodily injury to the victim under circumstances manifesting extreme indifference to the value of human life by shooting the victim in the upper leg with a semi-automatic rifle without any mention of self-defense. [N.T., 10/11/22, at 7.] [During the November 10, 2022, hearing regarding privately retained counsel's petition to withdraw his representation, Appellant contradicted his statements, which he made at the guilty plea hearing. Specifically, Appellant] proclaimed his innocence but made no assertion of self-defense. [Rather,] at the November 10, 2022, hearing, [pointing to the video footage of the crime,] [Appellant] proclaimed his innocence by stating "that's not me" and "[a]nybody could have been in that vehicle that day[.]" [N.T., 11/10/22, at 25.] [Appellant] did not assert self-defense; he denied all involvement [at the November 10, 2022, hearing]….At the [evidentiary] hearing [regarding his motion to withdraw his guilty plea] on December 6, 2022, [Appellant] asserted a claim of self-defense.
>
> [At the December 6, 2022, hearing,] on direct examination, [Appellant] first stated the victim verbally threatened him, but he remained unsure of whether the victim brandished a weapon. Next, [Appellant] stated he was sure he saw the victim holding something silver but wasn't sure if he saw a weapon or not. Next, [Appellant] stated he thought he saw the silver handle of a gun. On cross-examination, [Appellant] stated he was certain the victim brandished something. Next, [Appellant] stated the victim showed him a gun in his waistband, but he claimed all actions taken by the victim occurred prior to the victim entering camera

- 13 -

view. [Appellant] then stated the victim was not brandishing anything when [Appellant] shot the victim.

Under **Carrasquillo**, **supra**, [Appellant] has failed to demonstrate a fair and just reason for withdrawing the plea. The video [footage] on record shows [Appellant] driving towards the victim, who was on foot, with the barrel of his rifle already out the window, stopping, repositioning the vehicle for a better angle, aiming a rifle out the window, shooting the victim, and driving away. [Appellant] does not dispute the contents of the video. Thus, [Appellant] has failed to articulate a colorable self-defense claim or demonstrate any alternative fair and just reason for withdrawing the plea.

In order to sustain a claim of self-defense, an individual must prove the following: "(1) reasonably believed that force was necessary to protect himself against death or serious bodily injury; (2) was free from fault in provoking the use of force against him; and (3) did not violate any duty to retreat." [**Commonwealth v. Miller**, 172 A.3d 632, 640 (Pa.Super. 2017) (citation omitted).] The record contains a video of [Appellant] in his car approaching the victim, parking in the middle of the street, pointing a rifle out the driver's side window of the vehicle, and shooting the victim. [Appellant] has made admissions of his involvement in the shooting and to the accuracy of the video [during the guilty plea hearing].

Under the first prong of the test established in **Miller**, [Appellant] has failed to provide any evidence to support a claim of reasonable belief that force was necessary to protect himself against death or serious bodily injury. During every moment of the video, [Appellant] was in his car in the middle of the street with nothing to impede or encumber his escape and the victim was on foot. [Appellant] could have simply driven away from the scene to avoid any potential risk of death or serious bodily injury from the victim.

Under the second prong of the test established in **Miller**, [Appellant] has failed to provide any evidence to support a claim that [Appellant] was free from fault in provoking the use of force against him. The video provides a clear view of the incident for the entire duration of this incident and establishes [Appellant] approached the victim without any present provocation, parked his vehicle in the middle of the road (where [Appellant] had clear sight of the victim), aimed a rifle, and shot the victim. [Appellant] was the aggressor at all times during the incident.

Under the third prong of the test established in *Miller*, [Appellant] has failed to provide any evidence to support a claim that [Appellant] fulfilled a duty to retreat. As stated above, [Appellant] was in his car in the middle of the street with nothing to impede or encumber his escape. The records shows no evidence whatsoever demonstrating [Appellant] made any attempt to retreat. The record shows [Appellant] was the antagonist at all times and failed to fulfill the duty to retreat requisite for the survival of a self-defense claim.

\*\*\*

[Appellant] has failed to assert a plausible claim of innocence or supporting facts or evidence which may establish a fair and just reason for the allowance of presentence withdrawal of his guilty plea. [Appellant] has failed to provide any facts or evidence whatsoever to support his claim and makes only a barren claim lacking any substantiation. Due to [Appellant's] failure to provide any supporting basis of his innocence claim, the [trial] court was within its authority to deny withdrawal on the grounds of a defendant's failure to establish a fair and just reason for withdrawal of a plea. Thus, [his] argument holds no merit.

Trial Court Opinion, filed 3/8/23 (footnotes omitted).[4]

We find no abuse of discretion. *Norton*, *supra*. As the trial court noted, Appellant admitted during the October 11, 2022, guilty plea hearing that he "intentionally, knowingly, or recklessly" shot the victim with a semi-automatic rifle. N.T., 10/11/22, at 7. He is bound by these statements and cannot now assert challenges to his plea that contradict these statements. *See Jamison*, *supra*.

Further, in assessing the plausibility of Appellant's claim of innocence based on self-defense, the trial court properly considered the strength of the

_____

[4] We note the trial court opinion is unpaginated.

Commonwealth's evidence (including video footage and still photographs of the crime) in relation to the nature of Appellant's claim (consisting solely of Appellant's testimony, which the trial court found contradictory and incredible, in part, and, in any event, even if wholly believed, would not meet establish self-defense as a matter of law). **See Garcia**, 280 A.3d at 1027; **Islas**, 156 A.3d at 1190.

Additionally, in considering the plausibility of Appellant's claim of innocence, the trial court properly considered the timing of Appellant raising the claim of self-defense. **See id.** Specifically, after Appellant admitted he was the shooter during the October 11, 2022, guilty plea hearing, he then proclaimed he was not the shooter during the November 10, 2022, hearing. Thereafter, despite having several opportunities to do so, Appellant raised the claim of innocence based on self-defense during the December 6, 2022, evidentiary hearing. Accordingly, considering the totality of the circumstances, the trial court did not abuse its discretion in concluding Appellant's claim of self-defense was not a fair and just reason for presentence withdrawal of Appellant's guilty plea. **See id.**

For all of the foregoing reasons, we affirm.

Affirmed.

- 16 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/5/2023